## DARWIN L. SHAW AND WILLIAM LLOYD. Appellants, *v.* ÆTNA INSURANCE COMPANY, Respondent.

1. *Insurance — Consignee, insurance by — Insurable interest of, in goods for-
warded — Instructions from consignor to insure.*—A merchant to whom
goods are consigned for sale on commission, with instructions from his
principal to insure for his benefit, is bound to obey the instructions or indem-
nify the consignor against any losses. And although usually he has no
insurable interest in the goods further than the amount of his probable com-
missions or profits, yet, in case of such instructions, he may protect himself
against losses by insuring the whole property consigned ; and to this end he
should be considered as insured for the full value of the property, and would
be entitled to recover of the insurance company in case of loss. In such
case the policy ought to inure to the benefit of the principal; and the agent
or consignee ought to be treated as a trustee for the consignor, and the
amount of the recovery should go to the principal. And in a suit upon the
policy, in the name of the consignee, this may be shown in order to prove
that he had an insurable interest as trustee for his consignor.

*Appeal from St. Louis Circuit Court.*

*Morris & Peabody*, for appellants.

The plaintiffs' assignors having failed to insure the property in the name and for the benefit of plaintiffs, as ordered by plaintiffs, became liable to them for the full value of the ice lost. (Sto. Agency, §§ 110, 111; 2 Pars. Marine Ins. 424–30, ch. 8; Ele v. French, 11 N. H. 356; Sanches *et al.* v. Davenport *et al.*, 6 Mass. 258.)

From the time plaintiffs' assignors were ordered by plaintiffs to insure the property they had a pecuniary interest in its preservation, by reason of their liability to plaintiffs in the event of a loss and their failure to cause the same to be insured, as directed. No property in the thing insured is required. It is enough if the insured is so situated as to be liable to loss, if it be destroyed by the perils insured against. And it is the same where the law creates that liability, as where it is created by some express contract about the property insured. (Herkimer v. Rice, 27 N. Y. 163, 177; Lucena v. Crawford, 3 Bos. & Pul. 75; 2 Bos. & Pul. N. R. 294; 1 Pars. Marine Ins. 162–4, ch. 5; Van Natta v. Mut. Security Ins. Co., 2 Sandf. 490.)

*L. Eaton*, for respondent.

A consignee not in possession has no insurable interest other than to the amount of his lien, if any. The amount of a consignee's insurable interest is that for which he has a lein. (1 Phil. Ins., §§ 309–11; 2 Phil. Ins., §§ 1236, 1243–4; 2 Smith's Lead. Cas. 347; 2 Duer Ins. 104, 110; 13 Mass. 296; 16 B. Monr. 242; 29 How., N. Y., 71.) And no lien or possession are averred or disclosed in this case. The averment that the consignees agreed to insure for the consignors, and failed to do so, amounts to nothing, except to show affirmatively that the alleged insurance was not for Shaw & Lloyd. It created no lien. If it gave an action to plaintiffs against Scherholtz & Klinesmith, that action must be purely personal, and not *in rem*.

ADAMS, Judge, delivered the opinion of the court.

This was an action on a policy of insurance issued by defendant. The plaintiffs filed a second amended petition, to which the defendant demurred; the demurrer was sustained and judgment given thereon against the plaintiffs, from which they appealed to the general term, where the judgment of the special term was affirmed, and the plaintiffs have appealed to this court.

The petition substantially sets forth that the plaintiffs being the owners of five barges of ice, on the upper Mississippi river, consigned the same to Scherholtz & Klinesmith, of the city of St. Louis, to be sold by them on commission; that the plaintiffs ordered the consignees to have the ice insured, and that the consignees undertook the agency and agreed to have the ice insured for plaintiffs. Instead of insuring the ice in the names of the plaintiffs, they made the insurance in their own names, to indemnify themselves in case of loss, as they would be liable for such loss, having disobeyed the instructions of their principals in not procuring insurance in their names. One of the barges of ice was lost by a peril provided against, and the consignees assigned the policy to plaintiffs, and this suit was brought by them as assignees for the value of the lost cargo. The alleged ground of demurrer was that the consignees had no insurable interest in the ice.

A consignee, as such, has no insurable interest in goods consigned to him for sale on commission, unless it be to the extent of the commissions or profits he expects to derive from such sales. This he has a right to insure regardless of any instructions from the consignor. But if he accepts a consignment with instructions from his principals to insure for their benefit, it becomes his duty to insure; and if he neglects to do so and a loss occurs, he is liable to them for the amount. The consignees, in the case under consideration, instead of taking out a new policy in the names of their principals, had the risk entered on their own policy in their own names, as a convenient mode of indemnifying themselves against such damage as they might suffer in not insuring in the names of their principals. I think they had the right

to thus protect themselves, and to this end they ought to be considered as interested to the full value of the ice. (See Bartlett *et al.* v. Walter, 13 Mass. 297; Oliver v. Green, 3 Mass. 133 ; Herkimer v. Keil, 27 N. Y. 163.)

After being ordered to insure, the consignees might have considered themselves trustees for the consignors and insured in their own names for them. My impression is that in such case the " positive stipulation of the underwriter to pay the loss to the agent would never be rendered void by the inability of the party really assured to sustain an action on the policy in his own name." (See 2 Duer Ins. 7, § 6.) In such case the policy ought to inure to the benefit of the principal, and the agent or consignee be treated as a trustee of an express trust, and the amount of recovery would go to his principal. But whether he is a trustee of an express trust or not, he is nevertheless a trustee for the consignor ; and in a suit upon the policy, in the name of the consignee, this may be shown in order to show that he had an insurable interest as trustee for his consignor. The demurrer in this case ought to have been overruled.

Judgment reversed and cause remanded. The other judges concur.