# CASES

### IN THE

# APPELLATE COURTS OF ILLINOIS.

### SECOND DISTRICT—MAY TERM, 1881.

## THE AGRICULTURAL INSURANCE COMPANY
### v.
## MICHAEL CLANCEY, use, etc.

INSURABLE INTEREST.—If the party insured has any interest that would be injured in the event the peril insured against should happen, the courts will maintain his contract of insurance.

, APPEAL from the Circuit Court of Peoria county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed July 12, 1881.

Messrs. GARY, CODY & GARY, for appellant; that the plaintiff must prove that he had an insurable interest in the premises, cited Gilbert v. Ins. Co. 23 Wend. 43; Chandler v. Rossiter, 10 Wend. 488; Ins. Co. v. Lawrence, 2 Pet. 25.

Appellee had no insurable interest: Dix v. Ins. Co. 22 Ill. 272; Ins. Co. v. Schueller, 60 Ill. 471; Carter v. Ins. Co. 12 Ia. 287; Rohrback v. Ins. Co. 62 N. Y. 47; Seagrave v. Ins. Co. L. R. 305; Sweeney v. Ins. Co. 20 Pa. St. 337; Bench v. Ins. Co. 28 Ind. 64; Scammons v. Loring, 1 Mass. 127; Stetson v. Ins. Co. 4 Phila. 8; May on Insurance, 74; Wood on Insurance, 468; Flanders on Insurance, 376; Phillips on Insurance, § 172.

(137)

Messrs. STEVENS, LEE & GALLAGHER, for appellee.

LACEY, P. J.   This was an action brought in the Peoria Circuit Court on an insurance policy issued by the appellant to the appellee, Clancey, in consideration of fourteen dollars, against loss by fire or lightning, to the amount of $2,800, on his two-story frame building with stone basement, occupied as a dwelling, situate on the section thirty-five, Kickapoo township, Peoria county, Ill., loss, if any, payable to William Dodge, trustee, for use of H. N. Wheeler, mortgagee, as his interest may appear.

The suit is brought in the name of Clancey for the use of H. N. Wheeler.

There was a trial by jury, and verdict for appellee for $2,712, motion for new trial overruled, judgment on the verdict, and appeal by appellants to this court.   To reverse the judgment the appellants rely on two assignments of error.   First: The evidence fails to show that appellant Clancey had any insurable interest in the property insured.   Second: That the proof of the amount of damages is not sufficient to sustain the verdict.

A deed was introduced in evidence by appellee, for the purpose, as it appears, to show title in himself.   The deed bears date March 7, 1879, and is from Samuel, and Ann Potts, his wife, and conveys a large number of acres of land, amounting to 280 acres, on which the insured property was situate, unless the small three-acre tract of land on which the house is situate, is excepted by some of the numerous reservations in the deed.

The deed is a warranty deed, and is for the consideration of four thousand dollars, expressed in the deed.   The deed also has this provision in it, following the description of all the land: "The above land is sold, subject to one trust deed, given by Samuel Potts and wife to H. N. Wheeler, for $5,000, payable in May, A. D. 1882," etc., and releasing and waiving the right of homestead.   Whether or not the three-acre piece of ground on which the house is situate is reserved in the deed and excepted from its operations, is not very apparent from the

evidence. But whether it is or not, we are inclined to think that the evidence shows an insurable interest in appellee.

The evidence shows that all this land, deeded to Clancey, which there is no dispute that the deed covers, is encumbered by a deed of trust to Wheeler, the same that the insurance policy was given to insure from loss, for which protection Clancey paid his money. This is shown by recital in the deed to appellee. In addition to this evidence of the mortgage, H. N. Wheeler was called by appellee as a witness, and without objection testifies: "I hold a deed of trust on this Potts property. The note is for $5,000. I still own it, and it is still unpaid." The question before the jury was in regard to the Potts property covered by the policy of insurance sued on, and was what Wheeler was speaking about. It appears also that the Potts actually paid the premium for appellee. The jury was, from the evidence, justified in finding that the trust deed not only covered the land held by appellant, as well as the house insured, even though the deed from Potts to appellant did not convey it; also that Potts, by paying the premium for appellant, recognized his right to have this house insured for his protection against the mortgage which covered his land as well as the house. The land held by appellee was included in the same trust deed held by Wheeler, that also covered the house. The house was subject and liable to pay its proportionate share of this mortgage, and if it were burned down, appellee would have more money to pay if he desired to free his own land from the encumbrance; hence, he would have this contingent interest in having the house preserved from loss by fire. Samuel and Ann Potts recognized this interest, and advanced the money to insure the property for him. Was this interest sufficient to sustain the insurance policy?

It is sometimes a difficult question to tell in any given case what is or is not an insurable interest.

This brings us to the point to decide, first, what is the established rule as to what is an insurable interest, and secondly, does this case fall within the rule? The courts, in earlier times, showed a disposition to restrict it to a "clear, substantial, vested pecuniary interest," and to deny its applicability

to mere expectancy without any vested right, yet the tendency of modern decisions is to relax the stringency of the earlier cases, and to admit to the protection of the contract, whatever act, event or property bears such a relation to the person seeking insurance that it can be said with a reasonable degree of probability to have a bearing upon his prospective pecuniary condition : May on Insurance, page 76, § 76.

It sometimes exists where there is no present property— " any *jus in re* or *jus ad rem*." But in that case such a "connection must be established between the subject-matter of the insured and the party in whose behalf the insurance has been effected, as may be sufficient for the purpose of deducing the existence of a loss to him from the occurrence of an injury to it," and "no particular description of the nature of the insurable interest is necessary."

It is again laid down as a rule, that if the assured " would suffer any disadvantage by the destruction of the premises, or or any reasonable expectation of profit be thereby defeated, he may protect or indemnify himself by insurance, and this, whether he has or has not any title in or lien upon, or possession of the property itself. In a word, if the party insured has any interest that would be injured in the event the peril insured against should happen, the courts will maintain his policy." Flanders on Fire Insurance (2nd Ed.) pp. 377, 378, §§ 1, 2 and 3. See also cases illustrative of these principles. Shaw v. Ætna Ins. Co. 49 Mo. 578; Putnam v. M. M. Ins. Co. 5 Met. 386; E. R. R. Co. v. R. F. M. Co. 98 Mass. 430, 423; Coursin v. Pa. Ins. Co. 10 Wr. 323; DeForrest v. The F. F. Ins. Co. 1 Hall, 84 ; F. Ins. Co. v. Bown 43 N. Y. 389 ; Warren v. D. F. M. In. Co. 31 Iowa, 465.

Apply these principles to this case and we see that the appellee had an insurable interest. He would be damaged in case the insured house should burn down, because the property included in the mortgage would be burned, and the security lessened so that the appellee's land might have to stand the whole burthen of the encumbrance.

Clearly, he was interested in having the house secure against loss, saying nothing of the representative interest he

might have as the trustee of Wheeler, according to Shaw v. Ætna Ins. Co. 49 Mo. 378.

As this latter question is not raised, we will not discuss it. It will be seen by reference to some of the authorities above cited, that possession of the property by the insured would not be necessary. The appellee testifies that Mrs. Potts was his agent, with a power of attorney to transact all business concerning this insurance. We therefore think that there is evidence sufficient in the record to support the verdict of the jury that the appellant had an insurable interest in the property, insured within the meaning of the law.

As to the second point made by appellant's counsel, that the proof is not sufficient to support the verdict of the jury on the question of damages resulting from the fire, there were no witnesses sworn on that subject, except those introduced on the part of appellee. Some of the witnesses testified that the value of the house at the time of the fire was $3,000, and some testified that it was worth even more, and some witnesses swear that it was a total loss.

We think the finding of the jury in that regard was not so against the weight of the evidence as to require reversal on that account. Had appellants desired to contest that question, they should have introduced counter evidence, but they chose to rely wholly on the evidence given by appellee's witnesses.

We are of the opinion that the evidence excluded was not proper cross-examination. After a careful examination of all the questions raised, we have come to the conclusion that the judgment should be affirmed. The judgment of the court below is therefore affirmed.

Affirmed.