BALDWIN ET AL. v. STATE INSURANCE COMPANY.

1. **Insurance**: FRAUDULENT INTENT OF THE INSURED: REFORMATION OF POLICY. Where a son took a policy of insurance in his own name upon his father's property, the father being privy thereto, so that, in case of loss, the proceeds thereof might be protected from garnishment by his father's creditors, the father and son joining as plaintiffs cannot ask that the policy be reformed, so as to make the loss (which has occurred) payable to the father, and he cannot recover thereon.

2. ——: ——: INSURABLE INTEREST: PAROL TO VARY POLICY. Neither in such case can the son recover. He cannot recover for his own benefit, because he had no interest in the property; and he cannot recover for the benefit of his father, because the policy limited the right of recovery to himself; and it was not competent to prove a contemporaneous parol contract between the parties that the insurance was to be considered for the benefit of the father.

*Appeal from Van Buren District Court.*

FRIDAY, MARCH 23.

ACTION in equity to reform a policy of fire insurance, and enforce payment for a loss alleged to have occurred under it. The building which the policy purports to cover is described as being on the *southeast* quarter of section 2, township 70, Van Buren county. The building destroyed was on the *southwest* quarter of the section. The policy ran to the plaintiff, W. E. Baldwin. The building destroyed was owned, both at the time of the issuance of the policy and at the time of the loss, solely by the plaintiff, E. T. Baldwin. The plaintiffs ask

that the policy "be reformed so as to insure and cover the property and interest of the plaintiff, E. T. Baldwin", and "that the plaintiffs, or such one of them as may be entitled thereto, have judgment." The court dismissed the plaintiffs' petition and they appeal.

*Stiles & Beaman*, for appellants.

*Wright, Cummins & Wright*, for appellee.

ADAMS, J.—Whether the plaintiffs were entitled to a reformation of the policy, so far as the description of the property is concerned, we need not determine. The case will turn upon other questions. It appears to us that insuperable obstacles stand in the way of any recovery by either of the plaintiffs, and would, if the property destroyed had been described in the policy as the property insured.

We proceed to inquire, first, whether E. T. Baldwin can recover. He certainly cannot, unless by a reformation of 1. INSURANCE: the policy he can be made a party to it. Now, fraudulent intent of the insured: reformation of policy. perhaps, it would be sufficient to say that he does not specifically ask for such reformation. He does not, indeed, show with any precision upon what theory he expects to recover.

But waiving this objection, we have still to determine whether the facts are such as to entitle him, by reformation of the policy, to be made a party to it. If he contracted for the insurance, and the intention was to insert his name in the policy as the insured, and by mistake the name of W. E. Baldwin was inserted, the way would seem to be clear to reform the policy by the insertion of E. T. Baldwin's name as the insured, in the place of that of W. E. Baldwin, and give E. T. Baldwin a right of recovery. But the evidence shows conclusively that W. E. Baldwin contracted for the insurance, and paid for it, and that his name was purposely inserted in the policy as the insured. There never was any understanding on the part of any one that E. T. Baldwin's

name was to be inserted in the policy.   The policy was drawn precisely as the parties to it intended it should be, and, so far as E. T. Baldwin had any thing to say about it, precisely as he intended it should be.   The facts were, as shown conclusively by the evidence, that E. T. Baldwin was financially embarrassed, and apprehended that, if the policy ran to him, his creditors, in case of loss, would, by garnishment or otherwise, reach the insurance, and subject it to the payment of their claims.   It was to obviate this difficulty that his son, W. E. Baldwin, caused the property to be insured in his own name, and paid the premium himself.   If now we reform the policy, so as to make it payable to E. T. Baldwin, we shall do so, not only in the absence of any mistake, but we shall make a contract in behalf of E. T. Baldwin which both he and his co-plaintiff took pains to avoid.   It is manifest that to do so would be a most extraordinary exercise of equitable power, and for which the law affords no warrant.

We come then to inquire whether W. E. Baldwin can recover.   He certainly cannot recover for his own benefit.   It is conceded that he did not suffer by the loss, and has no beneficial interest in the policy.

Can he recover for the benefit of E. T. Baldwin?   If we understand the plaintiffs, they maintain that he can.   Their theory seems to be that, contemporaneously with the issuance of the policy, the parties to it and E. T. Baldwin entered into a parol agreement, whereby the policy was in effect to be deemed to be issued for the benefit of E. T. Baldwin, and payable in case of loss to W. E. Baldwin, for E. T. Baldwin's use.   To this position we think it sufficient to say, that the policy, by express terms, limits the right of recovery thereunder to W. E. Baldwin's interest in the property.   We cannot give it the effect contended for without first so reforming it as to eliminate this provision, and there is neither allegation nor proof that the provision was inserted by mistake.   The most that can be said is that the parties purposely stipulated in writing that

the right of recovery should be so limited, and by parol that it should not be so limited, and that the plaintiffs supposed that the parol agreement could be set up in equity in contravention of the written one. But this is not such mistake as a court of equity can relieve against. Equally fatal to the plaintiff's position is another fact. The parol agreement set up in contravention of the unmistakable terms of the policy, if made, was made by the agent of the company who took the application, and it is shown by undisputed evidence that he had no authority to make any agreement whatever. The authorities cited by the plaintiffs for the purpose of showing that even such agent, when he undertakes to fill an application, is responsible for its correctness, if true answers are given by the applicant, are not in point. We think that the plaintiff's petition was properly dismissed.

AFFIRMED.