## ZIMMERMAN v. THE FARMERS' INSURANCE COMPANY.

1. **Parties:** WHETHER HUSBAND OR WIFE WITH SAME INITIAL. The original petition in this case gave the name of the plaintiff as C. Z., and all the personal pronouns therein referring to the plaintiff were of the masculine gender. But the petition was verified by C. Z., as agent for C. Z., and the verification recited that the person making it was better acquainted with the facts of the case "than the plaintiff herself." The plaintiff was either Conrad Z., or Caroline Z., his wife. In subsequent pleadings it was fully admitted that Caroline was the plaintiff. *Held* that the court did not err in regarding her as the plaintiff in the case.

2. **Fire Insurance:** ON WIFE'S PROPERTY: POLICY TO HUSBAND: ACTION BY WIFE. Plaintiff's name was Caroline and her husband's name was Conrad. The husband, upon an application signed "By agent, C. Zimmerman, applicant," procured to be issued to "C. Zimmerman, Esq.," a policy of fire insurance upon property which was stated in the application to belong to the applicant, but which, after loss, proved to be the property of the wife, and she brought an action at law upon the policy to recover her loss, claiming that the insurance was for her use and benefit. *Held* that such action could not be maintained, because the contract of insurance was evidently with her husband, and contained no hint of trusteeship or agency.

*Appeal from Iowa District Court.*—HON. S. H. FAIRALL, Judge.

FILED, DECEMBER 21, 1888.

ACTION at law on a policy of insurance issued by defendant to recover the value of a building destroyed by fire. There was a trial to the court, and a judgment in favor of plaintiff. The defendant appeals.

*Hormel & Harrison* and *R. H. Kirk*, for appellant.

*Hedges, Rumple & Lake*, for appellee.

ROBINSON, J.—The policy upon which this action was brought on its face insures "C. Zimmerman, Esq.," against loss or damage by fire, to the amount of three thousand dollars, on a frame dwelling-house, which was destroyed by fire during the life of the policy. It makes the application for insurance, as set out in a copy thereon indorsed, a part of the contract of insurance. The copy shows that the application was in the name of Conrad Zimmerman, and recites that the dwelling was occupied by a tenant; that the applicant was the sole and undisputed owner of the property insured, and of the land upon which it was situated; and that it was not incumbered. The statements as to occupancy and title of property insured were warranted to be true. The application was signed, "By agent, C. Zimmerman, applicant." The answer admits the issuing of the policy in suit and the destruction of the dwelling-house therein described, but alleges that defendant is not liable for its loss, for the following reasons: (1) The contract of insurance was made with and delivered to Conrad Zimmerman in his name, and insured him alone, while the property destroyed belonged to his wife, Caroline, who is plaintiff in this action. (2) The policy, by virtue of its conditions, was void by reason of the following facts: The title was not as stated in the application. The property was represented to be free from incumbrance, although there was a mortgage thereon of nine hundred dollars. The house was vacant when the policy was issued, and also when the loss occurred. Plaintiff, in her reply, alleges that these facts, relied upon by defendant in defense of its action, were fully known by defendant when the application for insurance was made, and when the policy was issued; that they were disclosed to the agent of defendant, who wrote out the application of plaintiff, but who failed to state all the facts therein; that plaintiff had no knowledge of the errors in the application, nor of the fact that her name was written in the policy as "C. Zimmerman,

Esq." The court below found the facts to be substantially as claimed by plaintiff, and found, as conclusion of law, that the agent of defendant, having been fully advised as to the truth of all matters pleaded in defense when the contract of insurance was made, is now estopped from availing itself of the false statements of the application to defeat a recovery in this action.

I.    Appellant claims error on the part of the court below in finding that the real plaintiff is Caroline, and

**1. PARTIES: whether husband or wife with same initial.** not Conrad, Zimmerman. The original petition did not disclose the full first name of the plaintiff therein, but all personal pronouns therein used, and referring to the plaintiff, were of the masculine gender. But the petition was verified by C. Zimmerman, as agent for C. Zimmerman, and the verification recited that the person making it was better acquainted with the facts of the case "than the plaintiff herself." In an amendment to the answer filed on the day of trial, defendant admitted, in effect, that the plaintiff was Caroline Zimmerman, and in subsequent pleadings that fact was fully admitted. Therefore the finding of the court in question was correct.

II.    It is insisted by appellant that plaintiff cannot recover on the policy in suit in an action at law, for the

**2. FIRE INSURANCE: on wife's property: policy to husband: action by wife.** reason that it was issued, not to plaintiff, but to her husband, and it is conceded that he has no beneficial interest in the policy. But it is urged by appellee that the contract of insurance is not in fact represented by the policy in suit, and the alleged application, a copy of which is thereon indorsed, but that it was partly oral and partly in writing. The district court found that the application was not in writing, but verbal. It is conceded that the original paper, a copy of which is indorsed on the policy as a copy of the application for insurance, was written by the agent of defendant, who solicited the insurance, and that the signature thereto was appended by him. Some of the evidence tends to show that it was wholly written in the absence of the husband of plaintiff, but

from information he had given as agent of his wife. It is contended by appellee that the alleged copy of the application indorsed on the policy should be disregarded, and the policy and the verbal application alone considered in determining what was the contract of insurance; that the policy and the verbal application together show that the insurance was for the benefit of plaintiff, and that the policy was issued to the husband as agent for his wife, on her property, and for her use and benefit. It appears that the policy was not examined by either the plaintiff or her husband until after the property was destroyed, and this fact is relied upon by appellee in aid of her claims. The theory of a contract, partly oral and partly in writing, now urged by appellee, does not seem to have been pressed in the court below, although it is suggested in the special findings of facts made by the court. The petition is founded upon the policy, which was expressly adopted by plaintiff, as alleged in an amendment to her petition filed after the trial was concluded. The theory of her pleadings was that although the application, as shown by the policy, did not correctly represent the facts, yet defendant was estopped from asserting them by reason of its knowledge of their existence when the policy was issued. The policy contains this provison: "(1) The application of even number herewith, a copy of which is indorsed hereon, shall be considered as part of this contract and a warranty by the assured." The contract of insurance plainly includes the policy itself and the application therein referred to. The policy was issued to "C. Zimmerman, Esq.," evidently not to plaintiff. The application referred to was by "Conrad Zimmerman." Neither instrument contains any hint of trusteeship or agency. The two together constitute a contract of insurance with Conrad Zimmerman, and in its present form plaintiff cannot maintain an action at law thereon. *Baldwin v. Ins. Co.*, 60 Iowa, 497; *Williams v. Ins. Co.*, 24 Fed. Rep. 625; *Woodbury Sav. Bank v. Ins. Co.*, 29 Conn. 378. See, also, *Fuller v. Ins. Co.*, 61 Iowa, 350. This case is distinguishable from cases

in which the assured had in fact an insurable interest, as was true in *Shaw v. Ins. Co.*, 49 Mo. 578. It is also distinguishable from those in which the insurance company seeks to defeat a contract of insurance otherwise valid, by showing facts of which it had full knowledge when the contract was entered into, as that the condition, occupancy and incumbrance of the property were not as represented in the application. *Boetcher v. Ins. Co.*, 47 Iowa, 253. The conclusion we have reached renders a further consideration of the questions presented by appellant unnecessary. The judgment of the district court is

REVERSED.