| 77 | 319 |
| 105 | 384 |

## HENNING V. THE WESTERN ASSURANCE COMPANY.

1. **Fire Insurance:** BREACH OF CONDITION AS TO OWNERSHIP: POLICY VOID. The policy in question provided : "If the interest of the assured in the property be any other than the entire, uncon- : ditional, sole ownership of the property, for the use and benefit of · the assured, it must be so expressed in the written part of this policy ; otherwise the policy shall be void." The policy was issued to G. The property belonged to H., but that' fact was not stated in ' the policy. *Held* that it was void *ab initio*, and that neither G.' nor H. could recover thereon.

2. ———: OWNERSHIP OF PROPERTY: VERDICT AGAINST EVIDENCE. Where the court instructed the jury that plaintiff could recover only upon condition that he was the absolute owner of the property insured and destroyed, and it appeared by plaintiff's own affidavit, and by other testimony, that plaintiff held the property only as collateral security, though under a bill of sale, a verdict for plaintiff was contrary to the evidence and instructions, and should have been set aside.

*Appeal from Creston Superior Court.*—HON. GEORGE P. WILSON, Judge.

FILED, MAY 11, 1889.

ɟACTION upon a policy of insurance against loss by fire. Trial by jury. Verdict and judgment for plaintiff. Defendant appeals.

*Hanna & Porter*, for appellant.

*John A. Patterson*, for appellee.

ROTHROCK, J.—I. The property insured consisted of certain household goods and kitchen furniture, sit-

1. Fire insurance : breach of condition as to owner-ship : policy void.

uated in a building in the city of Creston, and was destroyed by fire on the sixth day of February, 1888. The policy of insurance was issued by the defendant upon the application of one G. F. Doege. It insured him and his legal representatives against loss by fire of the property

in question. It is conceded that he was not the owner of the property at the time the insurance was effected, nor at any time afterwards, and that he had no insurable interest therein. The property was owned by one H. Doege, and it is not claimed that when G. F. Doege made application for the insurance he stated to the agent of the defendant, who issued the policy, that H. Doege was the owner of the property. It is provided in the policy that "if the interest of the assured in the property be any other than the entire, unconditional, sole ownership of the property, for the use and benefit of the assured, it must be so represented to the company, and so expressed in the written part of this policy ; otherwise the policy shall be void." No action could have been maintained on this policy by G. F. Doege, because he was not the owner of the property, and, the policy being void by its express terms, no recovery thereon could be had by H. Doege under the facts above stated. *Zimmerman v. Insurance Co.*, 76 Iowa, 352. The policy was void *ab initio*, because the risk never attached. *Waller v. Assurance Co.*, 64 Iowa, 101.

But it is claimed that the plaintiff is nevertheless entitled to recover because the policy was assigned to him before the property was destroyed by fire. The facts with reference to the assignment are as follows : H. Doege made a bill of sale of the property described in the policy, together with other property, to the plaintiff. G. F. Doege went to one Bryan, who was agent of the defendant, and represented that the property had been sold to the plaintiff, and thereupon the policy was assigned to the plaintiff. The endorsement on the policy and the assignment are as follows :

"This policy is not assignable for the purpose of collateral security, but in all such cases is to be made 'payable in case of loss,' etc., by endorsement on its face. In case of actual sale and transfer of title, leave having previously been obtained, the form subjoined may be used, which must be executed at the time of said transfer.

" The Western Assurance Company hereby consents that the interest of Gus. Doege in the within policy be assigned to Charles Henning, subject, nevertheless, to all the conditions herein contained. December 29, 1887.

"J. F. BRYAN, Agent."

"For value received I hereby transfer, assign and set over, unto Charles Henning and his assigns, all my right, title and interest in this policy of assurance, and all benefits and advantage to be derived therefrom. Witness my hand and seal this twenty-ninth day of December, 1887.

" Signed, sealed and delivered in the presence of —.

"G. F. DOEGE and H. DOEGE."

It was stated by G. F. Doege, in his testimony on the trial, that at the time of the assignment he stated to Bryan that the property, when insured, was the property of H. Doege, and that thereupon H. Doege united with him in the assignment. This was denied by Bryan. It will be seen that this raises a conflict in the evidence, and the jury might fairly have found that the claim of plaintiff, so far as this fact is properly involved, was sustained. But the evidence shows that the plaintiff did not purchase the property described in the mortgage. His bill of sale was no more than a mortgage to secure a loan of five hundred dollars, made by the plaintiff to H. Doege. This was the sole consideration for the bill of sale. After the property was destroyed by fire, the plaintiff was paid six hundred and fifty dollars by the Hamburg Bremen Insurance Company in payment of the loss by fire of said company on a part of the property covered by the bill of sale. Plaintiff returned this money to G. F. Doege, who is the husband of Hulda Doege, and commenced suit in his name against the defendant. The facts last above stated are established by an affidavit of the plaintiff, and by the positive testimony of two other witnesses, to the effect that the plaintiff stated the facts in relation to his ownership substantially as above set forth. It would appear from

this evidence that the plaintiff had no interest whatever in the claim made in the petition, neither as owner nor as mortgagee. The mortgage had been paid in full. But it is claimed that there is a conflict in the evidence as to the ownership of the goods, because G. F. Doege testified that the transaction was a sale. We do not think the jury was authorized to find a fact against the sworn statement of the plaintiff. He ought not to have been permitted to demand a verdict so palpably against his own sworn statement.

The court instructed the jury upon this question as follows: "The policy sued on in this action contains the following provisions, viz.: 'If the interest in the property be any other than the entire, unconditional, sole ownership of the property,—for the use and benefit of the assured, it must be so represented to the company, and so expressed in the written part of this policy; otherwise the policy shall be void.' And you are instructed, as a matter of law, that the above condition in said policy is binding on plaintiff, and that, unless his ownership was that of entire, unconditional, sole ownership of the property for the use and benefit of himself (no other title or interest being shown in writing upon the face of the policy, or endorsed on said policy), then plaintiff cannot recover in this action for the loss. You are instructed, as a matter of law, that if the plaintiff to this action was not the absolute owner of the property insured at any time, and particularly at the time of the loss by fire, but only held an equitable interest therein as collateral security, then plaintiff cannot recover upon this policy for the loss, under the pleadings in this action." The court submitted special interrogatories to the jury. Two of these, with answers by the jury, are as follows: "Was he (the plaintiff) the absolute owner of the property? *Answer*. Yes. Did Charles Henning (the plaintiff) claim the property other than as collateral security for the payment of five hundred dollars? *A*. Yes." These answers are plainly and palpably against the evidence and instructions of

2. ——: ownership of property: verdict against evidence.

the court, and we think that the verdict should for that reason have been set aside, and a new trial ordered. It is possible that if the plaintiff had been a witness upon the trial, and had claimed that the affidavit above referred to was not true, and that it was obtained by fraud, or made some other reasonable explanation of it, the verdict might be sustained. But without some such explanation we cannot account for the finding of the jury.                                    REVERSED.