## DIXIE FIRE INS. CO. v. HENSON et al.
### (No. 657—4531.)

(Commission of Appeals of Texas, Section B. June 16, 1926.)

1. **Insurance** ⊚⇒668(9).

    Whether *tenant's occupancy renders risk on fire policy more hazardous is question of fact.*

2. **Insurance** ⊚⇒668(5).

    Whether instrument executed by owner on property covered by fire policy was sale of his interest, or merely a mortgage, was question of fact.

3. **Insurance** ⊚⇒646(2).

    Burden is on insurer to plead and prove change in interest, title, or possession of property.

4. **Insurance** ⊚⇒328(8).

    To prove a change in interest, title or possession of property to avoid liability, proof of mortgage in absence of showing of validity is insufficient.

5. **Insurance** ⊚⇒146(3).

    Insurance contracts, where there is reasonable doubt, should be construed most strongly against company and in favor of insured.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Insurance ⊜══146(1).**

In construing an insurance contract, all its parts are to be considered and given an effect where possible.

**7. Insurance ⊜══322—Fire policy, stipulating for insurance on building while "occupied by owners and not otherwise," held to cover risk while occupied by tenant, in view of another provision.**

Policy on building insuring against fire while "occupied by owners and not otherwise," *held* to cover risk while occupied by tenant, without extra hazard, in view of further provision that change of possession, "except change of occupants without increase of hazard," should avoid liability.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by J. R. Henson and others against the Dixie Fire Insurance Company. From a judgment of the Court of Civil Appeals (277 S. W. 756), affirming a judgment of the trial court for the plaintiffs, defendant brings error. Affirmed.

Locke & Locke, of Dallas, for plaintiff in error.

Bonner, Bonner & Fryer and W. H. Sanford, all of Wichita Falls, for defendants in error.

SPEER, J. A very full statement of the case is made by the Court of Civil Appeals in its opinion affirming the judgment of the district court, as follows:

"This suit was brought by J. R. Henson, Frank and Roy Collier to recover upon a policy of insurance issued to them by the defendant company protecting them against loss by fire to the extent of $3,000 upon a dwelling house located in Wichita Falls. The policy was issued May 31, 1922. The property was totally destroyed by fire February 24, 1923.

"The petition alleges, in part that, amongst other provisions in the policy, it was expressly stipulated that the defendant insured the building belonging to plaintiffs for a term of one year against all damage or loss by fire in the sum of $3,000, and agreed to pay to each of the plaintiffs $1,000, or a total sum of $3,000, if the property was destroyed by fire within the term; that the defendant's agent was familiar with the property, had personally inspected it, knew its location, condition, and value, and was acquainted with the state of the title thereto; that plaintiffs paid the premium of $22.20 when the policy was delivered to them, and the agent represented that the policy contained all legal clauses and no illegal clauses; and that, if said house was destroyed by fire within the year, the defendant would pay to each of plaintiffs $1,000. It is further alleged that the house was burned on the night of February 24, 1923; that the defendant sent its agents and adjusters to plaintiffs, who accepted proof of loss, and that the defendant thereupon agreed and bound itself to pay said loss forthwith, and did deliver to plaintiffs its bank drafts in the total sum of $3,000

in settlement thereof; that said drafts were placed in the bank for collection, and thereafter the defendant wrongfully stopped payment of said drafts; that they have never been paid; and that defendant still refuses to pay said loss.

"The defendant answered, alleging:

"That, at the time the policy was issued, the property belonged to the plaintiffs under a partnership agreement between them. That, among other provisions, the policy contained one as follows:

" 'This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the assured in the property be other than unconditional and sole ownership, or if any change other than by the death of insured takes place in the interest, title, or possession of the subject of the insurance, except change of occupancy, without increase of hazard, whether by legal process or by judgment, or by the voluntary act of the insured or otherwise, or if this policy be assigned before a loss.'

"That before the loss occurred Henson withdrew from the partnership, and transferred his interest therein to C. D. Shamburger by warranty deed executed November 25, 1922. That, by virtue of such change in the interest, title, and possession of the property, the policy was rendered null and void. That the policy contained the further provision:

" 'Dixie Fire Insurance Company, * * * in consideration of the stipulation herein named. * * * does insure J. R. Henson, Frank Collier, and Roy Collier * * * against all direct loss or damage by fire, except as herein provided, * * * to the following described property while located and contained as described herein:' $3,000 on the one-story shingle roof frame building and additions attached thereto, including the heating and lighting apparatus, and all permanent fixtures while occupied by owner and not otherwise as a dwelling house.'

"By reason of such provision, the defendant's liability depended upon occupancy of the property by the owner. That at the time the policy was issued the property was occupied by Henson, but at the time of the fire and some weeks prior thereto it was not occupied by the owner, but by a tenant.

"By a supplemental petition, amongst other facts, it is alleged that the house constituted the homestead of plaintiffs; that possession was not given to Shamburger with the deed to him; that said deed was intended as a mortgage by all parties for the security of pre-existing debts, and, being upon a homestead, was therefore null and void; that under the mortgage to Shamburger given by Henson it was agreed between Henson and Shamburger that Henson have 12 months within which to redeem his interest in the property by paying off the amount of his indebtedness; that at the time the policy was issued Henson and the Colliers were not cotenants, but copartners, and that, even if the interest of Henson had been forfeited by his transaction with Shamburger, said transaction and forfeiture did not affect the interest of Frank Collier and Roy Collier.

"The case was tried to the court without a jury, and resulted in a judgment for the plaintiffs for the full amount sued for. There are no

⊜══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

findings of fact nor conclusions of law in the record." 277 S. W. 756.

[1-4] The case is presented to us upon two assignments, raising three points: First, that at the time of the fire, the building was not occupied by the owner, but was occupied by a tenant; second, that the undisputed evidence shows that such tenant's occupancy rendered the risk more hazardous; and, third, that the undisputed evidence showed that, after the issuance of the policy and prior to the fire, Henson sold, assigned, and transferred his interest in the property to one C. D. Shamburger—that each and all of these matters rendered the policy void, and judgment should therefore have been rendered for the plaintiff in error. The second and third of these points were very satisfactorily disposed of by the Court of Civil Appeals. Clearly the question of whether or not the occupancy of the premises by the tenant was more hazardous than would have been the occupancy by one of the owners, was a question of fact. If in any event occupancy by a tenant rather than by the owners for the same purposes—that is, of residence—tends at all to show a change of occupancy with increase of hazard within the meaning of the policy, clearly it would depend upon the circumstances surrounding the particular situation, and would therefore be peculiarly one of fact. There is abundant evidence in the record which, if accepted by the trial court and Court of Civil Appeals, would support a finding that there had been no increase of hazard through the change of occupants. Moreover, whether the instrument executed by J. R. Henson to C. D. Shamburger evidenced a sale of his interest in the property, or merely a mortgage upon the same, was clearly a question of fact. Not only so, but, if the transaction was a mortgage, or attempted mortgage, it was not shown to be valid. Under the pleadings, in order to avoid the policy upon this account, it was incumbent upon the plaintiff in error to allege and prove a change in the interest, title, or possession of the property, after the issuance of the policy. It has not done this. It specifically relies upon the instrument of November 25, 1922, as evidencing such change of interest or title, and it is practically undisputed that at that time the property was the homestead of Henson and his wife, and there is nothing in the record requiring a holding that the attempted mortgage was executed for the purpose of securing an existing lien. There is some evidence in the record of a prior mortgage of date May 25, 1921, covering the same property, but there is likewise evidence from which the court could have found that the property was homestead even upon that date, and, the burden of proof being upon the insurance company to show the validity of the mortgage, in any event, the judgments of the trial court and Court of Civil Appeals cannot be said to be wrong as matter of law. Counsel for plaintiff in error in oral argument admitted that, if the transaction was a mere mortgage, it would not be the change of interest or title forbidden by the policy, but we are attaching no importance to this particular view, since clearly the pleadings of plaintiff in error rely upon the transaction's being a sale and change of title.

As to the first question above mentioned—that is, whether or not the occupancy of the property at the time of the fire by a tenant avoids the policy—we have found more difficulty.

[5, 6] The policy insures J. R. Henson, Frank Collier, and Roy Collier against all direct loss or damage by fire in the sum of $3,000 on the one-story shingled roof building and additions thereto while "occupied by owners and not otherwise, as a dwelling." It is contended by the company that, since the building was not occupied by the owners, but was occupied by a tenant at the time of the fire, the policy would not cover the loss, that the risk was not within the contract. But we have concluded that this contention cannot be sustained. It is elementary that insurance contracts, the language of which usually represents words and phraseology chosen by the company, where there is reasonable doubt or ambiguity should be construed most strongly against the insurance company, and in favor of the insured. It is furthermore elementary that in construing any written instrument all its parts are to be considered and given an effect where possible.

[7] Now it is true the policy stipulates for insurance to the owners named, while the property is occupied by the owners, and not otherwise, and, if the instrument contained nothing else bearing upon that phase of the contract, plaintiff in error's contention might find support. See Phœnix, etc., Co. v. Munger, 92 Tex. 297, 49 S. W. 222; Washington, etc., Co. v. Cobb (Tex. Civ. App.) 163 S. W. 608. But the policy itself subsequently undertakes to enumerate the grounds upon which it shall be void, and in that enumeration is included any change in the possession of the property insured "except a change of occupants without increase of hazard." Now, clearly, if the undertaking of the company did not cover the risk, while the property was occupied by a tenant, there was no necessity for this provision for avoiding it upon such change of occupants. When the two parts are considered together as they should be, it is clear the policy is not to be void where there has been a change of occupants, without increase of hazard. It is only by adopting this construction that the latter portion of the contract is to be given any effect at all. Moreover, the language, "except a change of occupants without increase of hazard," from the enumerated and therefore limited grounds of invalidity, necessarily amounts to a license for a change of occupants without increase of hazard. We have already seen

that this presents a question of fact, which has been finally settled adversely to plaintiff in error.

We recommend that the judgments of both the district court and the Court of Civil Appeals be in all respects affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.