**HOME INS. CO. v. CURRIE et al.**

No. 6132.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1931.

204

Pinkney Grissom, of Dallas, Tex., for appellant.

B. Frank Haag and Frank Stubbeman, both of Midland, Tex., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

Henry Currie sued the Home Insurance Company of New York and recovered judgment for $2,000 under one fire insurance policy on his house in Texas, and $500 under another concurrent policy on the house, and $1,500 on the household furniture therein. The judgment awarded $1,548.18 of the first item of insurance on the house to Abilene Building & Loan Association, which, pursuant to Texas practice, had been allowed to intervene to set up its rights as mortgagee un-

der a mortgage clause attached to that policy. The insurance company appeals.

The defenses asserted by pleading and evidence were that no sworn proofs of loss had been rendered as required by the policies; that the insurance on the house covered only while it should be occupied by the owner and not otherwise as a dwelling, whereas it was occupied by two tenants only at the time of the fire; and as to the personal property the policy was voided by its terms because the hazard had been increased by a means within the control and knowledge of the insured when tenants were substituted as occupants for the owner. The insured admitted that no formal proof of loss was made within ninety-one days from the fire, as required by the policies. In defense of the failure it was pleaded and proven that notice of the loss was promptly given to the local agent of the insured, who wrote the home office, and it replied, stating that the matter had been referred to a named adjuster for attention, and requesting the local agent to assist him. The adjuster wrote the local agent, making an appointment for the adjustment, and requested him to cause the assured to secure a detailed and itemized estimate on the building and a like schedule of the household goods. Authority is thus shown both in the adjuster and the local agent to act for the insured. The agent accordingly requested these papers of the insured and his wife. The latter, acting for her husband, prepared an itemized schedule of the household goods with values, and had a contractor make an estimate for replacing the building. The adjuster and local agent on the day appointed interviewed the wife about the loss. She furnished to them the requested papers, which were retained without objection, and no further proof was ever asked for. The insured and his wife believed that nothing further was wanted. This all occurred within two months after the fire. On these facts a finding was authorized that the formal proof of loss within ninety-one days of the fire had been waived. Concordia Ins. Co. v. School District, 282 U. S. 545, 51 S. Ct. 275, 75 L. Ed. 528. The non-waiver agreement, made one hundred and twenty-five days after the fire, expressly preserved all the then rights of both parties, and stipulated only that future action or requests by the insurer should not waive any requirement of the policy. It had no effect upon the waiver already accomplished. The stipulation of the policy against waivers otherwise than by a written indorsement on the policy does not apply to waivers after loss. Concordia Ins. Co. v. School District, supra.

But as to Currie the insurance on the house was shown to be not recoverable. By a special stipulation written on or attached as a rider to the printed policy the insurance in this item of both policies was defined as on a described frame building "while occupied by owner and not otherwise as a dwelling." The policy on its face gives an analysis of the rate charged, which indicates that an additional charge which had not been included would have been added for tenant occupancy. This is confirmed by the local agent's testimony that 15 cents per hundred dollars of insurance would have been the additional charge. The quoted words have the effect of a continuing warranty that the owner alone would occupy the house as his dwelling, a breach of which would terminate the insurance on it. Connecticut Fire Ins. Co. v. Buchanan (C. C. A.) 141 F. 877, 4 L. R. A. (N. S.) 758; Imperial Fire Ins. Co. v. Coos County, 151 U. S. 452, 14 S. Ct. 379, 38 L. Ed. 231. We cannot regard this plain language to be altered by the printed stipulation of the policy form in another place that "This entire policy shall be void unless otherwise provided by agreement endorsed hereon or added hereto * * * if any change other than by the death of the insured take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment, or by voluntary act of the insured or otherwise." The exception of change of occupation without increase of hazard implies a permission to make such change as against any avoidance of the insurance because of the provision to which it is an exception. But it is not a positive and general permission to make such change which can be considered to impair the special warranty of owner occupation. The policy itself discloses that a higher rate would have been charged for tenant occupancy. By taking the policy at the lower rate under a limitation excluding tenant occupancy, the insured has estopped himself as to this insurance to claim that a change to tenant occupancy would not increase the hazard. Moreover, the portion of the policy form of which the exception is a part by its express words is inoperative, if there be indorsed or added an agreement otherwise. The special warranty as to occupancy is such an added agreement, and to any extent that it conflicts with this part of the policy form instead of raising an ambiguity it overrides and annuls the form. In this we disagree with the holding of the Texas Commission of Appeals in Dixie Fire Ins. Co. v. Henson, 285 S. W. 265, not

being bound by it. Carpenter v. Providence Ins. Co., 16 Pet. 495, 10 L. Ed. 1044; Hawkeye, etc., Association v. Christy (C. C. A.) 294 F. 208, 40 A. L. R. 46. It being shown without contradiction that the house was occupied solely by tenants when burned, Currie's insurance on the house had ceased.

The case stands differently as to the furniture. That was stipulated to be insured only while contained in the building above described, but nothing was stipulated as to the occupancy of the building. The change of occupancy did not affect the insurance on the furniture, unless under the specially pleaded provision that the policy shall be void "if the hazard be increased by any means within the control or knowledge of the insured." Whether putting the tenants in the house increased the fire hazard to the furniture is a question of fact, with the burden on the insurer. Dixie Fire Ins. Co. v. Henson, supra; Greenlee v. North British Ins. Co., 102 Iowa, 427, 71 N. W. 534, 63 Am. St. Rep. 455; note to Angier v. Western Assurance Co., 66 Am. St. Rep. p. 697. The analysis of the premium charged on the policy which contains the insurance upon the furniture seems to apply to the dwelling only, throwing no clear light on the hazards which might affect the furniture rate. The fixed habits and character of the person put in charge might be such as to affect the hazard, in which case it would be improper to confine the inquiry as was done in the trial to the mere fact of his having had other fires. Any continuing condition which makes the occurrence of a fire more or less likely affects the hazard, and, as a general rule, may be proven. That is material to the risk which would induce an insurer to decline the risk or charge a higher premium. St. Paul Fire Ins. Co. v. Huff (Tex. Civ. App.) 172 S. W. 755.

The rights of the mortgagee in the insurance on the house are materially different from Currie's. We are not dealing in this case with a simple loss-payable clause appointing another than the insured as the recipient of the insurance to the extent of his interest, as in Sun Ins. Office v. Scott, 52 S. Ct. 72, 76 L. Ed. ——; but with a so-called standard mortgage clause which is a separate contract of insurance with the mortgagee, though attached to the policy of the owner and depending on it for some of its provisions. Syndicate Ins. Co. v. Bohn (C. C. A.) 65 F. 165, 27 L. R. A. 614; Reed v. Firemen's Ins. Co., 81 N. J. Law, 523, 80 A. 462, 35 L. R. A. (N. S.) 343. The contract with this mortgagee as to his interest in the insurance is that: "It shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property * * * nor by any change in the interest, title or possession of the property, nor by any increase of hazard," subject to qualifications not here material. A change of occupancy, therefore, from owner to tenant would not affect the mortgagee's insurance. Touching the proof of loss, the agreement with him is: "Providing that upon failure of the insured to render proof of loss, such mortgagee shall as if named in this policy as the insured, but within ninety-one days after notice of such failure, render proof of loss, and shall be subject to the provisions of this policy as to appraisal, and of times of payment and of bringing suit." The insurer contends that "notice" means knowledge from any source of the insured's failure to file formal proof, and puts the duty on the mortgagee to file the same, and that such knowledge was acquired from the defensive pleadings in this case more than ninety-one days before the trial. The mortgagee contends that the word means a notice from the insurer amounting to a request for the proof, and that the mortgagee is not under duty to make a proof until such request is made. We do not rule upon the point, because we think that the waiver of proof as to the insured prevents there being any failure on his part, and for this reason there was no duty on the mortgagee to make it.

A reversal and new trial being required, we do not rule in detail upon objections to evidence. Greater latitude should have been given to the inquiry as to increase of hazard on the furniture, and, if there is a custom for the adjuster himself to prepare a formal proof of loss after obtaining a statement from the insured, evidence thereof was admissible. Otherwise we think there is no just criticism of the rulings upon evidence. The judgment is accordingly reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.