## CENTENNIAL INS. CO. v. RAMSEY.

No. 13570.

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1952.

Austin Y. Bryan, Jr., David Bland, Houston, Tex., for appellant.

Larry Scarborough, Abilene, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES, and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This is an action at law upon a fire insurance policy issued by appellant to the appellee. The appellant claims that the trial court erred in overruling its motion for a directed verdict, made at the close of plaintiff's case and renewed at the conclusion of all the evidence, (1) because the appellee increased the hazard insured, within the prohibition contained in the policy; (2) because the appellee failed to file, within 91 days after the loss, a proof of loss giving the information prescribed by the policy; and (3) because the appellee failed to prove that the appellant waived any of the terms, conditions, or stipulations of the policy.

The jury has decided all issues of fact in this case in favor of the appellee, and no serious question of law emerges from the record. W. E. Ramsey, the appellee, for approximately eighteen months prior to August 29, 1949, was the owner and operator of a business generally known as a Bendix Washateria. The washing machines needed cleaning; and, on the above date, Ramsey and his employee, Ray Phillips, adjusted the machines so that the automatic drain would not work, and then put in the drum or washing compartment of each machine a gallon or more of gasoline. The electric motors were then turned on, all twenty of them at the same time. After the machines were thus operated until they stopped, they were turned on again. The windows of the building had not been opened, and the door was closed. In this confined area, the machines were left running, with no way for the gasoline to escape, and the explosion and fire occurred, which caused the damages herein sued for by the appellee.

We think that there was sufficient evidence to warrant the jury in finding (1) that the appellee filed within ninety-one days a proof of loss which substantially complied with the provisions of the insurance contract; (2) that the appellant waived the provisions as to proof of loss; and (3) that there was sufficient evidence to warrant the jury in finding that the appellee did not increase the risk insured against in the policy. For these reasons, the judgment appealed from should be, and the same hereby is, affirmed.

Affirmed.