**MERCURY FIRE INS. CO. v. DUNAWAY et al.**

**No. 1519.**

Court of Civil Appeals of Texas. Waco.

July 19, 1934.

Rehearing Denied Sept. 20, 1934.

E. G. Senter, of Dallas, for plaintiff in error.

Geppert, Geppert & Victery, of Teague, and Richard & A. P. Mays, of Corsicana, for defendants in error.

ALEXANDER, Justice.

Mrs. Pearl Dunaway, a widow, and others brought this suit against Mercury Fire Insurance Company to recover on a fire insurance policy. Judgment was for the plaintiffs. The defendant removed the case to this court by writ of error.

The policy of insurance sued on was dated February 10, 1932, and insured Mrs. Pearl Dunaway against all direct loss by fire on a certain dwelling house situated in Teague, Tex. It provided, in part, as follows: "This entire policy * * * shall be void * * * if the interest of the insured in the property be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple. * * *" The house in question and the lot upon which it was situated were purchased while A. J. Dunaway and Mrs. Pearl Dunaway were husband and wife. The deed was taken in his name and the property was occupied as the family homestead. The evidence indicates that the larger part, but not all, of the purchase price, was paid out of Mrs. Dunaway's separate funds. The balance of the purchase price was paid out of community funds. Mrs. Dunaway, with the knowledge and consent of her husband, had the fire insurance policy issued in her own name. After the issuance of the policy but before the fire, Mr. and Mrs. Dunaway were divorced and he deeded the property to her. The defendant requested the submission of proper issues for the purpose of ascertaining whether the property described in the policy was, at the time of the issuance of the policy, the separate property of Mrs. Dunaway or the community property of Mrs. Dunaway and her husband. These issues were refused and the defendant assigns error.

We do not consider it material whether the property described in the policy was separate or community property. Admittedly it was either the separate property of Mrs. Dunaway or the community property of Mrs. Dunaway and her husband. It is said that the object of a provision in a fire insurance policy making the same void if the interest of the assured in the insured property is other than sole and unconditional ownership is to render it certain that the assured has an insurable interest and that in case the insured building is destroyed by fire the loss will fall entirely upon him. East Texas Fire Ins. Co. v. Crawford (Tex. Sup.) 16 S. W. 1068. It is well settled in Texas that a husband may procure a policy of fire insurance on community property in his own name without violating such a provision. East Texas Fire Ins. Co. v. Crawford (Tex. Sup.) 16 S. W. 1068; Warren v. Springfield Fire & Marine Ins. Co., 13 Tex. Civ. App. 466, 35 S. W. 810; Sun Ins. Office v. Beneke (Tex. Civ. App.) 53 S. W. 98; Hoyle v. Republic Ins. Co. (Tex. Com. App.) 14 S.W.(2d) 816; British Gen. Ins. Co. v. Stamps (Tex. Civ. App.) 57 S.W.(2d) 638, par. 1; Niagara Fire Ins. Co. v. Pool (Tex. Civ. App.) 31 S.W.(2d) 850, par. 7. If the husband can thus procure a policy on community property in his own name without violating such a provision, why cannot the wife do likewise? The rights of the husband and wife in communi-

ty property are unified and equal and their title thereto and interest therein is the same. 23 Tex. Jur. 101, § 80; Lee v. Lee, 112 Tex. 392, 247 S. W. 828, par. 3; Burnham v. Hardy Oil Co., 108 Tex. 555, 195 S. W. 1139, par. 2. Any loss that would result from the burning of community property would fall as much on the wife as on the husband, and hence she is equally interested with him in protecting the property against loss by fire. It is true the husband has a right to control the community property during marriage, but this does not alter the status of common ownership or interest in the property. It is not charged that there was any misrepresentation as to the right to manage and control the insured property. We hold that the wife, with the consent of the husband, has a right to procure fire insurance on community property in her own name without violating a provision of the policy requiring the beneficiary named therein to be the sole and unconditional owner of the insured property. It was therefore immaterial whether the property in question was the community property of A. J. Dunaway and wife or the separate property of Mrs. Dunaway, and hence the court did not err in refusing to submit the issues in question.

■ The policy provided that it should be void if any change should take place in the interest, title, or possession of the insured property. As before stated, the property was purchased and the deed taken in the name of A. J. Dunaway during his marriage to Mrs. Pearl Dunaway. Presumably it was community property at the time the policy was issued. After the divorce A. J. Dunaway conveyed the property to Mrs. Dunaway. It is the defendant's contention that this constituted such a change in the title as to avoid the policy. It is a well-settled rule in this state that such a provision in a fire policy as is here under consideration is not violated by a change of title not of a nature calculated to increase the motive to burn, or diminish the motive to guard, the property against loss by fire. 24 Tex. Jur. 968; Insurance Co. of North America v. O'Bannon, 109 Tex. 281, 206 S. W. 814, par. 4, 1 A. L. R. 1407. The deed from A. J. Dunaway to Mrs. Dunaway after the divorce in no wise decreased Mrs. Dunaway's interest in the property. Hence the policy was not avoided by such conveyance.

■ The only issue submitted to the jury was in the following language: "Do you find from a preponderance of the evidence that

the property insured was a total loss?" The court did not otherwise instruct the jury as to the burden of proof. The defendant contends that the court erred in refusing to specifically instruct the jury that the burden of proof was on the plaintiff. The form used by the trial court to fix the burden of proof in this case has been approved many times by the Supreme Court. Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210, par. 16; Houtchens v. State (Tex. Com. App.) 63 S.W.(2d) 1011, par. 13; Gilmer v. Graham (Tex. Com. App.) 52 S.W.(2d) 263, par. 3; Harrison-Wright Co. v. Budd (Tex. Civ. App.) 67 S.W.(2d) 670; Defferari v. Terry (Tex. Civ. App.) 68 S.W.(2d) 253, par. 9.

The defendant complains of the trial court's definition of a "total loss" as used in connection with the above issue. The definition given was substantially in the language used by the Supreme Court in Royal Insurance Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 1074, 35 L. R. A. 672, 59 Am. St. Rep. 797. There was no error in this connection.

We have considered all other assignments of error and find them without merit.

The judgment of the trial court is affirmed.