## FRANKLIN FIRE INS. CO. v. LINDLEY et al.

### No. 4375.

Court of Civil Appeals of Texas. Amarillo.
Feb. 25, 1935.

Rehearing Denied March 25, 1935.

Storey, Sanders & Sherrill, of Dallas, for appellant.

McKinney & Berry, of Cooper, for appellees.

MARTIN, Justice.

Appellees recovered judgment against appellant upon a fire insurance policy. The controlling issue presented here is the alleged invalidity of the policy in question by reason of a breach of the following contractual warranty clauses appearing therein: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured in the property be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple * * .*."

The essential facts relating to ownership and title of the property insured are: Mrs. Limmer Lindley, one of the plaintiffs below, married Wiley McMurtree in 1909. He owned thirty-five acres of land as his separate estate at the time, upon which the two thereafter resided. He afterwards died intestate, leaving five minor children of said marriage. His wife, now Mrs. Lindley, continued to reside on said land with the children aforesaid, after his death. During such time a new house and garage were erected on said land partly out of old material on the place and partly from new material. Afterwards and while said appellee and her children were occupying said land as a homestead, the policy in question was issued covering said last-mentioned house and garage, and also personal property, not thought necessary to here describe. This policy was payable to Mrs. W. H. McMurtree, was dated August 2, 1932, and was to run until August 22, 1937. It contained the stipulations set out above. Appellee Mrs. Lindley thereafter married and lived for a short time away from said land. While the policy was still in force, a fire occurred, totally destroying all the property described therein. Appellee Mrs. Lindley filed suit on the policy. Thereafter all five of the children aforesaid intervened, claiming an interest in all the property described in the policy, and asking judgment for "their rightful share" of the money recovered. Defendants, among other defenses, pleaded: "That the policy also contains the following: 'This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured in the property be other than unconditional and sole own-

ership; or if the subject of insurance be a building on ground not owned by the insured in fee simple.' "

Judgment was rendered against appellant in favor of Mrs. Lindley, appellee, for $1,281, and against her in favor of interveners for "two-thirds of the insurance on the house amounting to $533.66."

The most that can be deduced from the testimony in favor of appellee Mrs. Lindley is that she inherited a life estate in one-third of the land upon which the house and garage stood, and had in addition a homestead interest therein. The said real estate was admittedly the separate estate of her husband when she married him. It descended to his children subject only to her interest described above. She did not have a fee-simple title thereto. Appellees rely on Warren v. Springfield Fire & Marine Ins. Co., 13 Tex. Civ. App. 466, 35 S. W. 810, and others of like character, to sustain the judgment herein. These cases relate only to the "sole and unconditional ownership" clause above set out. If the present policy stopped with this one clause, we might sustain appellees' contention that proof of a homestead interest met the policy requirement of "sole and unconditional ownership." But there is here the further contractual warranty clause above set out requiring, in effect, that the building insured stand upon ground "owned by the insured in fee simple."

So much has been written on this subject that we refrain from burdening the bench and bar with another lengthy discussion. We content ourselves with quoting from some of the numerous authorities.

"Where the policy is conditioned that it shall be void if the subject of insurance is a building on ground not owned in fee simple, or if the interest of the insured is other than sole and unconditional ownership, a breach of such conditions avoids the policy.

"Reference may be made to Brown v. Commercial Fire Ins. Co., 86 Ala. 189, 5 So. 500; Phoenix Ins. Co. v. Public Parks Amusement Co., 63 Ark. 187, 37 S. W. 959; Blackstock v. Jefferson Ins. Agency, 23 Ga. App. 642, 99 S. E. 142; Henning v. Western Assur. Co., 77 Iowa, 319, 42 N. W. 308; Overton v. American Cent. Ins. Co., 79 Mo. App. 1; Ordway v. Chace, 57 N. J. Eq. 478, 42 A. 149; Matthie v. Globe Fire Ins. Co., 74 N. Y. S. 177, 68 App. Div. 239; Brooks v. Erie Fire Ins. Co., 78 N. Y. S. 748, 76 App. Div. 275; Weed v. London & Lancashire Fire Ins. Co., 116 N. Y. 106, 22 N. E. 229; Home Ins. Co. v. Smith (Tex. Civ. App.) 29 S. W. 264, 32 S.

W. 240; Simonds v. Firemen's Fund Ins. Co. (Tex. Civ. App.) 35 S. W. 300; Wyandotte Brewing Co. v. Hartford Fire Ins. Co., 144 Mich. 440, 108 N. W. 393, 6 L. R. A. (N. S.) 852, 115 Am. St. Rep. 458; Groce v. Phoenix Ins. Co., 94 Miss. 201, 48 So. 298, 22 L. R. A. (N. S.) 732; Seitz v. Scottish Union & National Ins. Co., 37 Pa. Super. 261; Roper v. National Fire Ins. Co. of Hartford, 76 S. E. 869, 161 N. C. 151; Wilson v. Commercial Union Assur. Co., 90 Vt. 105, 96 A. 540; Home Mut. Fire Ins. Co. v. Pittman, 111 Miss. 420, 71 So. 739; Merchants' & Bankers' Fire Underwriters v. Williams (Tex. Civ. App.) 181 S. W. 859; Tiffany v. Queen Ins. Co. of America, 199 Mo. App. 36, 200 S. W. 728; Ohio Farmers' Ins. Co. v. Todino, 111 Ohio St. 274, 145 N. E. 25, 38 A. L. R. 1118 (automobile)." Cooley's Briefs on Insurance (2d Ed.) vol. 3, pp. 2129, 2130.

" 'Where a policy is expressly conditioned that it shall be null and void if the interest of the insured be other than unconditional and sole ownership, the required title is a condition precedent to the policy becoming effective. Likewise, a stipulation requiring a fee-simple title to be evidenced by deed is held a condition precedent to the risk attaching. In fact, where the validity of the policy is made to depend upon the insured being the absolute and unconditional owner of the true title to the property insured, fulfilment of the contract is a necessary prerequisite to the validity, and hence to the operative effect of the policy.' 4 Cyclopedia of Insurance Law (Couch) 3182.

"This doctrine finds support in the following cases by the Texas courts: Home Insurance Co. v. Smith et al. (Tex. Civ. App.) 29 S. W. 264; Fire Association of Philadelphia v. Calhoun, 28 Tex. Civ. App. 409, 67 S. W. 153; Merchants' & Bankers' Fire Underwriters v. Williams (Tex. Civ. App.) 181 S. W. 859; National Fire Insurance Co. of Hartford v. Carter et al. (Tex. Com. App.) 257 S. W. 531; United States Fire Insurance Co. of New York v. Farris (Tex. Civ. App.) 297 S. W. 575." Fraser v. Rogers (Tex. Civ. App.) 56 S.W.(2d) 911, 912, 913.

See, also, Hibernia Ins. Co. v. Bills (Tex. Sup.) 29 S. W. 1063, 29 L. R. A. 706, 47 Am. St. Rep. 121; Fireman's Fund Ins. Co. v. Wilson (Tex. Com. App.) 284 S. W. 920; Providence Washington Ins. Co. v. Whitley (Tex. Civ. App.) 71 S.W.(2d) 359.

The insurance contract in controversy being between the company and an insured not owning in fee simple the ground upon which the buildings insured were located, and no

agreement providing otherwise being indorsed thereon, is, in our opinion, not enforceable by the insured as to the amount of the insurance covering said buildings.

It will be noted that interveners were allowed judgment for a part of the proceeds of the policy in question. This necessarily must rest upon an implied finding that such interveners were part owners of the property insured. Mrs. Lindley (formerly Mrs. McMurtree) couldn't be the sole owner, if another or others were part owners.

The record before us is not in condition to pass on the liability of appellant upon its contract of insurance on the personal property involved.

The judgment of the trial court is reversed, and cause remanded.