STATE AND COUNTY MUTUAL FIRE INSURANCE COMPANY V. MATTIE KINNER.

No. A-6987. Decided December 31, 1958.
Rehearing overruled January 28, 1959.
(319 S.W. 2d Series 297)

*W. L. Eason,* of Waco, for petitioner.

*Carl C. Anderson,* of Waco, for respondent.

MR. JUSTICE NORVELL delivered the opinion of the Court.

While our jurisdiction of this case is predicated upon Article 1728, Sec. 6, Vernon's Ann. Texas Stats., we granted writ of error because of our tentative opinion that the holding of the Court of Civil Appeals herein was perhaps contrary to the holding of this Court in Winfrey v. Girard Fire and Marine Ins. Co., 120 Texas 436, 38 S.W. 2d 1099, and the holding of the Court of Civil Appeals in Franklin Fire Insurance Co. v. Lindley, 80 S.W. 2d 798, in which a writ of error was refused.

To determine the matter before us it is necessary to examine the holdings of certain reported cases in the light of the facts disclosed by the opinions.

In the cause before us, it appears from the opinion of the Court of Civil Appeals, 314 S.W. 2d 871, that Mattie Kinner, the plaintiff in the trial court and respondent here, brought suit upon a fire insurance policy issued by petitioner, State & County Mutual Fire Insurance Company, some seven years prior to the fire loss which occurred in January 1957. The policy contained an insuring clause covering a dwelling house located upon a specifically described tract of land, together with the furniture located therein. The two items, that is the house and the furniture, were insured for $1000.00 each. We need not concern ourselves further with the personal property. Mrs. Kinner sued as the owner of the personal property and was in possession of the same. In the absence of a contrary indication in the evidence, her ownership of the furniture would be presumed. The petitioner is a County Mutual Insurance Company, Article 17.01 et seq., Vernon's Ann. Texas Ins. Code, and although the policy was

issued after 1943,[1] it contained not only a New York misrepresentation clause, but also a proviso that "It is expressly understood and agreed that this Company shall not be liable for loss or damage to any property not owned in its entirety by the insured, or on which there is any kind of mortgage, lien or encumbrance, whether valid or not; or on a building situated on ground not owned by the insured in fee simple."[2]

The evidence showed that the ground upon which the building was situated had been the community property of Mattie Kinner and her husband, Tobe Kinner. A deed conveying the property to Tobe Kinner as the named grantee, executed in 1917 was introduced in evidence. It appears that shortly after this property was acquired, Tobe and Mattie Kinner made it their homestead, and after Tobe's death in 1935, Mattie continued to live upon and occupy the premises as a homestead until the building was destroyed by fire. In the technical sense, therefore, it appears that at the time the policy was issued in 1950, Mattie Kinner owned an undivided one-half interest in fee simple in and to the tract of land upon which the building was located. She also held a homestead right for life in and to the entire tract. Subject to this homestead right, the children of Tobe and Mattie Kinner owned the remaining undivided one-half interest which had formerly been Tobe Kinner's community interest.

The closest case upon the facts to the one now before us is East Texas Fire Insurance Co. v. Crawford, [Texas Com.] 16 S.W. 1068. The opinion by Commissioner Marr has been referred to as one rendered in a Supreme Court case, but such opinion was apparently never adopted by the Supreme Court and does not appear in the official reports. The case was de-

---

1.—In Dean v. Pioneer Co-operative Fire Insurance Company (5th Cir.) 231 Fed. 2d 18, it is pointed out that a Texas Standard Fire Policy no longer contains a warranty of sole and absolute ownership and that in 1943, the Texas regulatory agency adopted a New York form or clause which provides that, "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance, or the subject thereof, or the interest of the insured therein, or in any case of any fraud or false swearing by the insured relating thereto."

2.—Both the present insurance code, Article 17.25, Sec. 5, Vernon's Ins. Code and its predecessor article, Vernon's Ann. Texas Stats., Article 4860a-20, Sec. 2a(c), provide that the policy forms used by County Mutual Insurance Companies shall be approved by the state regulatory body. The record is silent as to whether the policy form involved herein was approved or not. The policy was pleaded by the respondent as plaintiff and it seems to have been assumed below that the particular provision which is here primarily involved was properly approved and hence was a valid portion of the insurance contract.

cided by the consent of the parties by the old Commission of Appeals under the Act of 1879 which provided inter alia that:

"The opinions of said commission shall not be published in the reports of the decisions of the supreme court or the court of appeals, nor shall the same have any other or farther effect than to determine the particular cause wherein rendered, and shall have no force or effect or authority as precedent in other causes." Acts 1879, extra session, Ch. 34., Appendix, Revised Statutes of Texas, 1879, p. 43. See also, Preface, Vol. 1 of Posey's Reports of Consent Cases decided by the Commission of Appeals.

However, the opinion has been cited with approval in subsequent appellate decisions and particularly in Mercury Fire Insurance Co. v. Dunaway, Texas Civ. App., 74 S.W. 2d 418 in which this Court refused a writ of error so that at this late date we can not ignore nor disregard the holding.

In the Crawford case the property at the time the policy was issued was in the possession of J. C. Crawford, as the survivor of the community once composed of himself and his wife, Josepha Crawford. Crawford owned an undivided one-half fee interest in the property, as well as a homestead right. The remaining one-half interest was owned by the children of J. C. Crawford and Josepha Crawford. Despite this circumstance however J. C. Crawford was awarded a recovery upon a fire insurance policy covering a dwelling house, although in the application for insurance he had answered the question, "Is your title to the above property absolute?," by saying, "Complete," and the policy contained a stipulation that it (such policy) "shall become void * * * if the assured is not the sole and unconditional owner of the property, or if his interest in the property is not truly stated in the policy."

The basis of the holding favorable to Crawford was stated as follows:

"* * * Let us go, if we can, to the principle upon which this rule or requirement (of sole ownership) is founded. We think that the object is to render it certain that the assured has an insurable interest in the property; and also that, in case the building is destroyed by fire, the loss would fall entirely upon him. If the plaintiff had an insurable interest in the house and land constituting his homestead, and one-half of which belonged undoubtedly to him in fee, and if when the fire occurred which destroyed the house the loss thereof, in legal contempla-

tion, under the circumstances existing at the time fall upon him alone, then we think that his representation that his title was complete was not a misrepresentation that would vitiate the policy, but that he was the absolute owner of the property, in the meaning of the law as applicable to such stipulations."

This holding, if deemed authoritative, would seem to control the present case except for certain intimations in the opinion that there might be a distinction between a clause using the phrase "sole and unconditional owner of the property" and one in which the term, "fee simple title" is employed. It is suggested that one phrase refers to the "interest" of the insured while the other might relate to the "title" of the insured.

In Mrcury Fire Ins. Co. v. Dunaway, 74 S.W. 2d 418, 419, the Waco Court of Civil Appeals held that a wife with a husband living at the time the insurance was acquired could legally procure insurance upon community property and recover thereon despite a provision in the policy that "This entire policy * * * shall be void * * * if the interest of the insured in the property be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple." It appears that the property was occupied as a homestead at the time the insurance was procured. The technical title interest of the wife in and to the "ground" upon which the insured dwelling house was located, was not an unconditional and sole fee simple interest, but rather an undivided one-half community interest in the fee, plus a homestead right. The Court, however, said that, "It is well settled in Texas that a husband may procure a policy of fire insurance on community property in his own name without violating such a provision (relating to sole ownership) * * * * If a husband can thus procure a policy on community property in his own name without violating such a provision, why cannot a wife do likewise? The rights of the husband and wife in community property are unified and equal and their title thereto and interest therein is the same. * * * Any loss that would result from the burning of community property would fall as much on the wife as on the husband, and hence she is equally interested with him in protecting the property against loss by fire."

In Franklin Fire Ins. Co. v. Lindley, Texas Civ. App., 80 S.W. 2d 798, 799, wr. ref., it was held that a surviving wife having a homestead interest in her deceased husband's separate property could not recover upon an insurance policy containing

"unconditional and sole" and "fee simple" clauses. The Court said:

"The most that can be deduced from the testimony in favor of appellee Mrs. Lindley is that she inherited a life estate in one-third of the land upon which the house and garage stood and had in addition a homestead interest therein. The said real estate was admittedly the separate estate of her husband when she married him. It descended to his children subject only to her interest described above. She did not have a fee-simple title thereto."

See, also, Lindley v. Franklin Fire Ins. Co., 137 Texas 196, 152 S.W. 2d 1109, reversing Franklin Fire Ins. Co. v. Lindley, Texas Civ. App., 128 S.W. 2d 869 and holding that the decision set forth in the opinion reported in 80 S.W. 2d 798 that the policy insofar as the building was concerned was unenforcible was binding in subsequent litigation. Winfrey v. Girard Fire & Marine Ins. Co., 120 Texas 436, 38 S.W. 2d 1099 is a somewhat similar case involving separate personal property devised by will to a surviving husband and a daughter by a former marriage.

In our opinion, the holdings of the various cases mentioned as well as others of a similar import may be reconciled. We further conclude that the Court of Civil Appeals was correct in affirming the judgment of the trial court primarily upon authority of Mercury Fire Ins. Co. v. Dunaway, 74 S.W. 2d 418, wr. ref.

■ Important considerations in arriving at this conclusion are the nature and incidents of community property and the homestead interest or right which in certain respects are peculiar to the jurisprudence of Texas. Obviously whenever a husband or a wife insures a building in his or her name located upon community property, the named insured is not, technically speaking, the owner of the building in its entirety, nor does the named insured possess an exclusive fee simple title to the ground upon which the building is situated. It follows that the term "fee simple" as well as the phrase "owned in its entirety," as used in the insurance contract, are not given the same strict meaning one would generally find in the field of technical estates recognized in the law of real property, but such clauses are construed so as not to preclude a recovery by an insured who holds an undivided one-half community interest in the fee, when the other one-half is held by the insured's marital partner.

■ Next arises the question of whether a distinction should be drawn between the above situation represented by the Dunaway case and the circumstanecs presented by the record before us wherein we have a widow and children instead of a wife and husband represented in the ownership of the destroyed building. The Dunaway case (74 S.W. 2d 418) apparently recognizes no distinction between the two situations where the survivor in community holding an undivided one-half fee interest remains in possession under a homestead right. The case of East Texas Fire Ins. Co. v. Crawford, (Texas Com.) 16 S.W. 1068, wherein it appears that the insurance was procured after the death of the wife, is cited in support of the proposition that, "It is well settled in Texas that a husband may procure a policy of insurance on community property in his own name without violating such a provision, (relating to sole ownership)." It is further stated also on authority of the Crawford case that the "object of a provision in a fire insurance policy making the same void if the interest of the assured in the insured property is other than sole and unconditional ownership is to render it certain that the assured in case the insured building is destroyed by fire the loss will fall entirely upon him." Of course, as heretofore pointed out, the Crawford case holds that a surviving husband who continues to occupy property (which was community until the death of the wife) as a homestead after the wife's death has such title and interest as will support a recovery despite the proviso which required sole and unconditional ownership.

■ It would seem that a wife's interest in the community is not lessened by the death of the husband, while her control over the portion thereof occupied as a homestead is actually increased. We must assume that the contracting parties were actuated by good faith and that they intended to make a fair and reasonable insurance agreement. The insurance company was entitled to know with whom it was contracting. It was further entitled to require that the insured have and possess an insurable interest. The contract was personal and there was a moral factor involved. But this does not mean that the insurer under the "owned in its entirety" clause or the "fee simple" clause is entitled to demand of the insured a showing of a clear and unblemished title to the building or the land upon which it is located. The deviation from the perfect and complete title must bear some relationship to the risk. Consequently as a wife may insure community property in which she has only a one-half fee interest it would seem to follow that a survivor in community who retains control of the

property by virtue of the homestead right may likewise insure property in his or her own name and not be barred from recovery by the "owned in its entirety" and the "fee simple" clauses. Such holding is supported by the Crawford and Dunaway cases and is not contrary to the holdings in the Winfrey and Lindley cases. Essentially all of the loss occasioned by the destruction of a building located on property once community is borne by the surviving widow as the owner of an undivided one-half fee interest who is in possession and control of the entire property by virtue of her use of the premises as a homestead. "Texas declines to read into insurance policies the rigid rules of property title law. The transaction is viewed in the light of the nature of the insurance contract and the reasonable requirements of the underwriter." Dean v. Pioneer Co-Operative Fire Insurance Company, (5th Cir.) 231 F. 2d 18, l.c. 21.[3]

For the reasons stated, the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered December 31, 1958.

Rehearing overruled January 28, 1959.

---

3.—Perhaps because of the peculiar property characteristics incident to community and homestead interests in this state, Texas is generally classified as following a liberal rule with reference to the point involved. This is the indication of Appelman (4 Appelman Law of Insurance and Procedure 339, Sec. 2464) as gathered from the footnote discussion of Hoyle v. Republic Ins. Co., Texas Com. App., 14 S.W. 2d 816 and East Texas Fire Ins. Co. v. Crawford, Texas Com. App., 16 S.W. 1068, heretofore noticed. There is an intimation that because of the opinions rendered in U.S. Fire Ins. Co. of New York v. Farris, Texas Civ. App., 297 S.W. 575, no writ history, and Providence Washington Ins. Co. v. Whitley, Texas Civ. App., 71 S.W. 2d 359, wr. dis., Texas may have departed from the liberal rule in this regard.

In U.S. Fire Ins. Co. of New York v. Farris it was held that a husband having a homestead right in property in which his wife held a life estate only was not the sole and unconditional owner of the property within the meaning of the policy. We do not regard this holding as conflicting with the decision of the Court of Civil Appeals in the present case.

In Providence Washington Ins. Co. v. Whitley, the Court of Civil Appeals reversed a judgment for the claimant under a fire insurance policy because (a) proof of loss as required by the policy had not been filed, and (b) the claimant was not the sole and unconditional owner of the property destroyed by the fire. This second holding is contrary to the decision of the Court of Civil Appeals in the present case. With no citation of authority, the Court in the Whitley case held that a surviving husband having a homestead interest in property once owned by the community composed of himself and his deceased wife could not recover. This holding is not regarded as authoritative and was not approved by this Court but the application for writ of error was dismissed for want of jurisdiction.