**LEGAL SECURITY LIFE INSURANCE COMPANY, Appellant,**

v.

**Justean THOMAS (Brown) et al., Appellees.**

**No. 7341.**

Court of Civil Appeals of Texas, Beaumont.

May 11, 1972.

Rehearing Denied June 1, 1972.

Bergman & Hicks, Dallas, for appellant.

Joe H. Tonahill and March Coffield, Jasper, for appellees.

DIES, Chief Justice.

The parties will be referred to in this opinion as they were in the trial court.

Plaintiff's husband, Paul Eugene Thomas, was run over accidentally by a pulpwood truck which resulted in his death. He was at that time putting out pulpwood for C. N. Bishop, admittedly as an independent contractor. Prior to the death of plaintiff's husband, Mr. Bishop had purchased a "Franchise Accident Policy" with defendant which was in effect on the day of the accidental fatal injury to plaintiff's husband. Subsequently, plaintiff brought suit as administratrix of the estate of her deceased husband and as natural guardian of their children against defendant alleging coverage under the policy.

Trial was had to a jury resulting in a verdict and entry of judgment for plaintiff from which defendant perfects this appeal.

Defendant's first three points of error, in essence, contend there is no coverage of Paul Eugene Thomas under the policy. The insuring clause of the policy follows:

"THE COMPANY HEREBY AGREES to pay benefits to the extent provided herein, and subject to the provisions, exclusions and limitations hereinafter set forth for losses resulting from accidental bodily injuries as herein defined, suffered by those persons actually in the employ of the Policyowner named above [C. N. Bishop] . . . ."

Defendant contends the phrase "actually in the employ of" is tantamount to requiring Thomas to have been an "employee" in the master and servant sense and as defined in our Workmen's Compensation Act (Art. 8309, § 1, Vernon's Ann.Civ.St.). Defendant also contends that since Paul Eugene Thomas was admittedly an independent contractor, his death was not covered under the policy in question.

In the interpretation of insurance policies, certain guidelines have been laid down by our courts. It is the intention of the parties that is of primary importance. Houston Fire & Casualty Insurance Co. v. Parker, 341 S.W.2d 495, 498 (Tex.Civ. App., Amarillo, 1960, error ref. n. r. e.). See also authorities cited in 32 Tex.Jur.2d, Insurance, § 55 (1962). Contracts of insurance are strictly construed in favor of the insured. Trinity Universal Insurance Company v. Tubbs, 342 S.W.2d 209 (Tex. Civ.App., Amarillo, 1960, error ref. n. r. e.).

The contract must be read in full and effect given to all its terms. Traders &

Gen. Ins. Co. v. American Fidelity & Cas. Co., 323 S.W.2d 81, 84 [Tex.Civ.App., Austin, 1959; 160 Tex. 554, 334 S.W.2d 772 (1960)]. It is assumed that the parties were actuated by good faith and that they intended to make a fair, reasonable and enforceable insurance agreement. State and County Mutual Fire Ins. Co. v. Kinner, 159 Tex. 290, 319 S.W.2d 297, 302 (1958); American Casualty & Life Co. v. Gueringer, 205 S.W.2d 423 (Tex.Civ.App., San Antonio, 1947, no writ).

The following by Judge Garwood in Continental Cas. Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762, 763 (1953), bears quoting:

"But for the fact that insurance policies are governed by the special rule of construction, which is a familiar part of our jurisprudence, we might, indeed, hold either that the interpretation against liability of the insurer should prevail or that, the policy being ambiguous, there is a fact issue as to what was intended. Yet the rule, of course, applies, and under it the insurer may not escape liability merely because his or its interpretation should appear to us a more likely reflection of the intent of the parties than the interpretation urged by the insured. The latter has to be no more than one which is not itself unreasonable. Lloyds Casualty Insurer v. McCrary, 149 Tex. 172, 179, 229 S.W.2d 605, 609. A related or subsidiary rule is 'that exceptions and words of limitation will be strictly construed against the insurer.' Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379, 381."

There is no express exclusion in this policy for independent contractors.

"Both an ordinary workman or employee and an independent contractor are employed. The fundamental difference is in the character of the employment, in the contract by which one performs services for the benefit of the other." Macario v. Bonifas-Gorman Lumber Co.,

291 Mich. 292, 289 N.W. 164, 167 (1939).

"This is true because one may be 'employed' without being a servant, as, for example, an independent contractor. Likewise an attorney is said to be 'employed' by his client, but no one would contend that the relationship created thereby is that of master and servant." State ex rel. Maryland Casualty Co. v. Hughes, 164 S.W.2d 274, 277 (Mo.Sup. 1942).

The weakness of defendant's argument here is that if its interpretation is accepted, no one—except possibly Mr. Bishop—would be covered under this policy, for the policy expressly excludes those employees covered by a workmen's compensation policy. Mr. Bishop testified he had in effect at the time of Thomas' death a policy of workmen's compensation insurance. If Mr. Bishop qualified under Art. 8309, § 1a, V.A.C.S., he would also be excluded under defendant's policy. Law is good sense and what is contrary to good sense is not good law. Burke v. State, 64 Misc. 558, 119 N. Y.S. 1089, 1099.

The application attached to the policy called for "Laborers" under the column "Job Function or Title". The number "4" under "Indiv. Class", the number "15" under "No. of Indiv.", and later entries showed the premium for these "Class 4" individuals was based on production estimates of 140 cords of pulpwood a week at so much per cord. The only other individual insured other than these fifteen "Class 4" individuals was "Dealer 1" (presumably Bishop). The computation of premium for Class 4 individuals on a per cord basis is the typical independent contractor method of pay and is a consideration given by our courts in workmen's compensation cases. Goodnight v. Zurich Insurance Company, 416 S.W.2d 626 (Tex.Civ.App., Dallas, 1967, error ref. n. r. e.); Shannon v. Western Indemnity Co., 257 S.W. 522, 525 (Tex.Comm.App.1924). To us, this clearly shows intention to cover individuals such as Thomas. The definition given for

Class 4 individuals in the policy is "all other Individuals."

Because of the authorities cited and the facts we have set out, we do not find ambiguity in the policy and hold as a matter of law that this policy covered independent contractors and specifically Paul Eugene Thomas. This being so, the issues inquiring of the intentions of the parties were unnecessary and present no reversible error.

Finding no reversible error in the other points of error, they are overruled. The judgment is affirmed.

KEITH, Justice (dissenting).

If I felt free to discard the accepted rules governing suits upon policies of insurance which have been hammered out by our courts over the past century, and could adopt the ancient rule of admiralty known as rusticum judicium,* I might be able to come to the same conclusion that was reached by the majority.

At the outset, I point out that the quotation from the insuring clause of the policy is not complete. Immediately following the ellipsis, are found these words: " . . . whose names for the period of insurance granted hereunder, including renewal thereof, appear on the payroll records of the Policyholder during the effective period hereof."

The policy we consider in this case is anything but a model of clarity and I have difficulty in determining who, if anyone other than Bishop himself, was covered thereby. I might add, this difficulty extends to counsel in the case as we learned from questions put to them during oral submission of the cause. Without pleading ambiguity, plaintiffs procured findings of "intention" on the part of Bishop and the defendant; yet, the majority says that the policy is not ambiguous.

I agree that "[t]here is no express exclusion in this policy for independent contractors" but add, there was no inclusion either. The two out of state decisions relied upon by the majority for the proposition that an independent contractor is an employee are inadequate to the task assigned them. *Hughes* actually held that the words "not employed by" rendered the policy ambiguous and subject to construction under the ordinary rules of contract law. *Marcario's* survivors were denied coverage under the Workmen's Compensation Law because he was working as a log hauler under a written contract which created an independent contractor relationship. This is in accord with Texas law. Industrial Indemity Exchange v. Southard, 138 Tex. 531, 160 S.W.2d 905, 907 (1942).

If a contract is unambiguous, as has been held by the majority, there is no resort to the rules of construction and courts must interpret and enforce it as it was made by the parties. United Services Automobile Ass'n v. Miles, 139 Tex. 138, 161 S.W.2d 1048, 1050 (1942); Republic National Life Insurance Co. v. Spillars, 368 S.W.2d 92, 94, 5 A.L.R.3d 957 (Tex. Sup.1963). And, as was said by our Supreme Court in Transport Insurance Co. v. Standard Oil Co. of Texas, 161 Tex. 93, 337 S.W.2d 284, 288 (1960), "The rule of liberal construction in favor of the insured applies only when the contract is ambiguous and susceptible of more than one interpretation." The reference to Trinity Universal Insurance Company v. Tubbs, 342 S.W.2d 209, 210 (Tex.Civ.App., Amarillo, 1969, error ref. n. r. e.), an opinion by Justice Denton while upon the Court of Civil Appeals, does not quite hit the mark since the actual holding in that connection was expressed in this manner: "The general rule is that contracts of insurance are to be strictly construed in favor of the insured, but this does not affect another general rule that contracts of insurance are to be construed as other contracts."

---

* "[I]t is an application of that sense of fair dealing and of justice imbedded in our nature, the conclusions of common sense, of a mind 'abnormis sapiens'." The Victory, (4th Cir. 1895), 68 F. 395, 400.

Plaintiffs pleaded that the deceased was "an employee of, and on the payroll records of, A. N. Bishop" but proved, as stated in the brief here that "Thomas was an independent contractor, cutting and hauling pulpwood to the Owens-Illinois plant under an agreement with C. N. Bishop, a pulpwood dealer from Newton, Texas." Without going into the evidence in detail, it is sufficient to say that Thomas was an independent contractor under all of the tests laid down by Judge Sharp in the leading case of Industrial Indemnity Exchange v. Southard, supra. (160 S.W.2d at 907)

There was no pleading of ambiguity in the policy or that the parties intended that independent contractors be included in its coverage. Yet, the first witness, Bishop, was interrogated in detail (over defendant's objections) as to his intent in taking out the policy. Such extrinsic evidence was admissible only to remove ambiguity in a policy found to be ambiguous. The rule governing pleading of ambiguity was set out with clarity in Ross v. Burleson, 274 S.W.2d 105, 107 (Tex.Civ.App., San Antonio, 1954, no writ):

> "An ambiguity in a contract must be raised by the pleadings and in the absence of such a pleading the court will not hear evidence as to the intention of the parties which is different from that expressed in the contract."

See also Jones v. Dumas Development Co., 229 S.W.2d 936, 939 (Tex.Civ.App., Amarillo, 1950, error ref. n. r. e.); Anderson-Dunham, Inc. v. Lee Rubber & Tire Corp., 378 S.W.2d 99, 102 (Tex.Civ.App., Dallas, 1964, error ref. n. r. e.); Skyline Furniture, Inc. v. Gifford, 433 S.W.2d 950, 954 (Tex.Civ.App., El Paso, 1968, no writ); 2 McDonald, Texas Civil Practice, § 6.14.5, p. 107 (1970 Rev.Vol.); 13 Tex.Jur.2d, Contracts, § 373, p. 648 (1960).

Plaintiffs were required to plead and prove coverage under the policy as a prerequisite to a recovery. Mutual Benefit Health & Accident Ass'n v. Hudman, 398 S.W.2d 110 (Tex.Sup.1965). They alleged coverage as an "employee" with his name upon a "payroll record", proved that he was an independent contractor, procured findings of the intent of the policyholder, and are now permitted to recover. These are some of the questions presented in defendant's brief, none of which are even mentioned in either opinion of the majority.

I would hold that the policy is ambiguous, and with proper pleadings and proof, could be construed to include persons such as plaintiffs' decedent. But, that is not the case which we review. Finding error in the record, I would reverse the judgment below and remand the cause for a new trial under appropriate pleadings.

STEPHENSON, Justice (concurring).

I concur in the majority opinion written by Chief Justice Dies. The well written dissent by Justice Keith compels this reply.

Justice Keith has performed his usual excellent job of stating principles of law but it is his application of those principles with which I differ. I agree that if the insurance policy before us is ambiguous, then the case must be remanded for proper pleadings and a new trial. However, I consider the problem before us to be simply one of *construction*. Frequently our courts are called upon to construe the terms of a written instrument even though the question of ambiguity has not been raised.

The term before us which we must construe is "actually in the employ of the Policyowner." We must assume this policy of insurance was written to insure somebody. Courts will not construe a contract to mean that the parties have agreed to act contrary to what common sense and the circumstances obviously demand. Stool v. J. C. Penney Company (5th Cir. 1968), 404 F.2d 562, 566; Fujimoto v. Rio Grande Pickle Company (5th Cir. 1969), 414 F.2d

648, 654. We are required to give the insuring clause a common sense construction since we must assume that the parties intended to enter into an enforceable insurance contract. American Casualty & Life Co. v. Gueringer, supra majority opinion.

As said by Justice Keith in Parks v. Frankfurt, 476 S.W.2d 717, 721 (Tex.Civ. App., Beaumont, 1972, application for writ of error pending):

> "It is always the primary duty of courts in construing written instruments to arrive at the intention of the parties. Skelly Oil Company v. Archer, 163 Tex. 336, 356 S.W.2d 774 (1962); or, as was said in Fox v. Thoreson, 398 S.W.2d 88, 92 (Tex.Sup.1966): 'Interpretation of a written instrument is always a quest for the intention of the parties to it.'

> \*   \*   \*   \*   \*   \*

> "But, neither party claims that the contract is ambiguous, so the construction of the written instrument is a question of law for the court. Myers v. Gulf Coast Minerals Management Corp., 361 S.W.2d 193, 196 (Tex.Sup.1962); City of Pinehurst v. Spooner Addition Water Co., supra ([Tex.] 432 S.W.2d [515] at p. 519). And, as was said in Trinity Universal Ins. Co. v. Ponsford Brothers, 423 S.W.2d 571, 575 (Tex.Sup.1968), 'A jury may not be called upon to construe the legal effect of an instrument.' "

The provisions of this insurance policy make it clear that they were not using the term "in the employ of" as the word "employee" is used in the Workmen's Compensation Act and in Industrial Indemnity Exchange v. Southard, supra dissenting opinion. This is made certain because employees covered by workmen's compensation insurance are expressly excluded. Inasmuch as there are only two known categories of persons performing work, employees and independent contractors, the contract before us must be construed to cover independent contractors.