ESSEX CRANE RENTAL
CORPORATION,
Appellant,

v.

STRILAND CONSTRUCTION
COMPANY, INC., Appellee.

No. 05–87–00313–CV.

Court of Appeals of Texas,
Dallas.

June 14, 1988.

Rehearing Denied Aug. 1, 1988.

Maurice Bresenhan, Jr., Houston, for appellant.

Leonard A. Hirsch, Dallas, for appellee.

Before BAKER, HOWELL and ROWE, JJ.

BAKER, Justice.

Essex Crane Rental Corporation appeals from a judgment in which a jury awarded damages and attorney's fees to Striland Construction Company for breach of an equipment lease. We disagree with Essex' contentions that neither the pleadings nor the evidence supported the submission of the special issues concerning Essex' breach of the lease or the jury's finding of a breach. However, we do agree with Essex that the trial court erred in disregarding the jury's award of attorney's fees to it. Striland brings two cross-points of error which this court is without jurisdiction to consider. Accordingly, we modify the judgment to reinstate the jury's award of attorney's fees to Essex and affirm the judgment as modified.

The material facts of this case are not in dispute. Striland, working as a concrete subcontractor on a project at the University of Dallas, leased a Manitowoc 4000 W Lift Crane from Essex in 1983. The agreement provided for a four-month minimum rental period with rental payments of $6,500 per month. At the expiration of the four-month rental period in February of 1984, Striland paid for its use of the crane in full and asked Essex to remove the crane from the job site. In response, Essex informed Striland that it intended to store the crane at the job site for approximately two weeks. However, the crane was not removed from the job site until early June of 1984.

The evidence showed that during the three-month interim storage period Striland used the crane on at least four occasions but no more than ten. As a result, Essex claims that it is due the full monthly rental payment of $6,500 per month for the period of March 3, 1984, to June 1, 1984. Striland contends, however, that Essex is entitled only to rent for the actual time the crane was used and offered to pay Essex two weeks' rent for its use of the crane. Demanding full payment, Essex refused the offer and by letter dated June 27, 1984, notified J.W. Bateson Company, the general contractor, and Traveler's Insurance, the surety, of its claim. Subsequently, Essex filed a lien on the project for its claim.

Earl Davis, Bateson's representative, testified that on the date of the Essex notice letter, Bateson did not owe any additional money to Striland because Striland had already been paid more than it was due under its contract. However, Bateson determined that it would be cheaper to pay Striland its additional costs for completing the project rather than to complete the project itself. Accordingly, it paid six additional pay requests to Striland, but after receiving notification of Essex' claim and lien, it refused to pay Striland's last three pay requests totaling $10,715.69. Davis further stated that had the lien not been filed, it was very possible that Striland would have been paid for its final pay requests as Bateson had routinely done in the past.

Striland sued for breach of the equipment lease seeking the $10,715.69 withheld by Bateson after Essex filed its lien. Essex counterclaimed for $20,366.66 in rent based on Striland's use of the crane while it was stored at the project site. The jury found that Essex had breached the lease agreement by failing to inform Striland of the length of storage time, by failing to remove the crane from the job site, and by seeking rent for the entire term of the storage period. Furthermore, the jury found that due to Essex' breach, Striland was unable to recover its final three payment requests from the general contractor, resulting in $10,715.69 in damages. The jury refused to find that Essex had breach-

ed the lease by filing a lien and, further, awarded Essex an offset of $1,083.33, representing the daily rental rate for five days' use of the crane. In addition, the jury awarded both parties attorney's fees for trial and appeal. The trial court entered judgment in accordance with the jury's findings but disregarded the award of attorney's fees to Essex, apparently finding its initial claim for $20,366.66 excessive and in bad faith. Further, the court refused to invalidate the mechanic's and materialman's lien filed by Essex.

■■■ In points of error four, ten, and sixteen, Essex complains that the trial court erred in submitting the special issues inquiring whether Essex breached the lease agreement because the issues were not supported by pleadings. We disagree. Essex did not specially except to Striland's petition. Absent special exceptions, a petition will be construed liberally in favor of the pleader. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982). This Court will look to the pleader's intentions and uphold the pleadings even in the absence of a specific allegation of an element to the cause of action. In addition, every fact that can reasonably be supported by the specific allegations contained in the pleading will be inferred. *Roark v. Allen*, 633 S.W.2d at 809; *Gulf, Colorado & Santa Fe Railway Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963). A petition that gives fair and adequate notice of the facts upon which the pleader bases his claim is sufficient because it provides the opposing party with enough information to enable him to prepare a defense. *Murray v. O & A Express, Inc.*, 630 S.W.2d 633, 636 (Tex.1982); *Castleberry v. Goolsby Building Corp.*, 617 S.W.2d 665, 666 (Tex.1981).

■■■ Striland's petition alleged breach of contract in the following manner:

2. Essex Crane's failure to advise Striland that it intended to store the crane on the Project constituted a breach of the Lease, which clearly contemplated that Essex Crane would advise Striland if it was *necessary* to store the crane on the Project. In further breach of the Lease, Essex Crane also failed to advise Striland

of the extended length of time it intended to store the crane on the Project. (Emphasis in original)

3. By reason of the aforementioned breach of the Lease, by Essex Crane, the Defendant is precluded from recovering rent for the months the crane remained on the Project following Striland's written notice of termination. Essex Crane's filing of a lien on the project is in further breach of the Lease, and this lien filing damaged Striland in the amount of $10,-715.69, representing funds not paid to Striland by the Project contractor.

Furthermore, Paragraph Fourteen of Striland's pleadings requesting a declaratory judgment states:

3. The months for which Essex has charged Striland additional rent resulted from Essex Crane's failure to remove its crane from the Project within a reasonable period of time after Striland provided written notice of termination. As a result, Striland is entitled to a Declaratory Judgment establishing that the amount claimed due by Essex Crane is not a just debt and that the lien filed by Essex Crane is therefore invalid and directing Essex Crane to execute and record a release of such lien.

We hold this was sufficient to give Essex fair notice that it would have to defend against a claim involving breach of contract for failing to advise of the length of the storage time, failing to remove the crane from the job site, seeking rent for the entire storage period, and filing the lien. It is not fatal that Striland's pleadings failed to specifically use the term "breach of contract" in connection with Essex' demand for rent over the entire storage period. This fact can be inferred from the petition as a whole and the specific language stating that Essex was precluded from recovering rent for the months the crane remained on the project following Striland's written notice of termination. This conclusion is justified because Striland's petition made it clear that Essex' demand for rent for the entire storage period was wrongful. Accordingly, Essex was put on notice that it would have to defend

against such a claim. If Essex considered the petition to be unclear, it should have specifically excepted to it. Having failed to do so, any defects of either form or substance have been waived. TEX.R.CIV. PROC. 90; *see also Roark v. Allen*, 633 S.W.2d at 810. Essex' points of error four, ten, and sixteen are overruled.

■■■ Essex contends in numerous points of error that there was no evidence to support the submission of the special issues concerning Essex' breach of the lease agreement. It is well established that the trial court must submit all special issues that are supported by some evidence in the record, even if the evidence would not support an affirmative finding to the issues. *Atlantic Mutual Insurance Co. v. Middleman*, 661 S.W.2d 182, 187 (Tex.App. —San Antonio 1983, writ ref'd n.r.e.). The special issues challenged by Essex inquire into whether Essex breached the lease agreement by (1) failing to advise of the length of the storage time, (2) failing to remove the crane from the job site, (3) seeking rent for the entire term the crane was stored at the job site, and (4) filing a lien. The lease provides Essex with "the right to store the equipment on [the] job site, if necessary." The agreement does not address whether Essex had to give notice of its intent to store or the amount of time the crane may be stored on the job site.

The evidence reveals that Essex had initially informed Striland of its intent to store the crane on the job site for two weeks. However, the crane was not actually removed from the job site until approximately three months after Striland requested Essex to remove the crane. Furthermore, the evidence shows that Essex never informed Striland that it intended to store the crane on the job site until June of 1984. More significantly, the primary dispute between the parties concerned the amount of rent due for Striland's use of the crane while it was being stored on the job site. Relying on Paragraph 7(a) of the lease agreement, Essex contends that Striland's use of the crane made it liable for the entire time the crane was stored on the

job site. In contrast, Striland argued that Paragraph 7(a) provided that it would be liable only on a daily basis for its use of the crane after the expiration of the minimum rental period. Paragraph 7(a) of the lease agreement states that "Monthly Rental Rates shall not be subject to any deductions on account of non-working time in the month but the amount of the rent payable for any fraction of a month, after the Minimum Rental Period specified, will be at the rate of ⅟₃₀th of the monthly rate for each calendar day." The jury could have found this provision to mean that after expiration of the minimum rental period, the daily rate would be in effect for use of the crane until the crane was removed from the job site. Accordingly, we hold that the foregoing provides some evidence upon which the trial court could properly submit the special issues challenged by Essex. Consequently, Essex' points of error one, two, seven, eight, thirteen, and fourteen are overruled.

■ Essex next challenges the factual sufficiency of the evidence to support the jury's findings to the special issues concerning Essex' alleged breach of the lease agreement. In reviewing a factual sufficiency challenge, this Court must, after examining all of the evidence, determine if the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). Because this Court has no fact-finding authority, it cannot substitute its judgment for that of the trier of fact, even when after reviewing the evidence it may have reached a different conclusion from that of the jury. *Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex.App. —Dallas 1986, writ ref'd n.r.e.).

■ A review of the evidence reveals that Essex failed to advise Striland of its intent to store the crane for the three-month period. In fact, Essex did not remove the crane from the job site until three months after Striland requested its removal. Furthermore, Paragraph 7(a) of the lease agreement provided some evidence from which the jury could have found that a daily rate of rent would apply to use of

the crane after expiration of the minimum rental period. In addition, the evidence shows that the general contractor refused to pay Striland its final three pay requests after Essex asserted its claim for rent and filed a lien on the project. The general contractor's representative testified that it stopped paying Striland after the demand was made and lien filed and probably would have paid Striland had the lien not been filed. This evidence raises fact issues which were disputed by both parties. While there may be some evidence supporting Essex' position and while this Court might have reached a different conclusion, we are not at liberty to disturb a jury verdict which necessarily rests on the credibility of the witnesses and weight given to their testimony. *Clancy v. Zale Corp.*, 705 S.W.2d at 826; *State & County Mutual Fire Insurance Co. v. Kinner*, 314 S.W.2d 871 (Tex.Civ.App.—Waco), *aff'd*, 159 Tex. 290, 319 S.W.2d 297 (1958). We hold that the jury's findings to the special issues challenged by Essex are not so contrary to the overwhelming weight of the evidence as to be clearly erroneous and unjust. Essex' points of error three, nine, and fifteen are overruled.

In points nineteen and twenty, Essex complains that there is no evidence or insufficient evidence to support the jury's answers to special issue four, which involves Striland's attorney's fees. In reviewing a no evidence point, we consider only the evidence and inferences tending to support the jury's verdict and disregard all evidence to the contrary. If there is any evidence of probative value to support the jury verdict, it must be affirmed. *International Armament Corp. v. King*, 686 S.W. 2d 595, 597 (Tex.1985). The record reflects that Striland's attorney testified as to the amount of time spent on the preparation and trial of the case and stated in some detail what he had done in connection with the case. Striland's attorney was cross-examined extensively by Essex' attorney. Striland also offered expert testimony regarding its reasonable attorney's fees. We find that there is evidence to support the jury's answer to the issue. When faced with an "insufficient evidence" point, we

must consider and weigh all the evidence, including any evidence contrary to the trial court's judgment. *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1952). The record reflects there is sufficient evidence to support the jury's answer to the issue. The argument advanced by Essex under these two points presupposes that since Striland should not be entitled to recover on its breach of contract theory, it therefore is not entitled to recover attorney's fees. Having heretofore ruled against Essex' theory of the case, this argument is without merit. Points nineteen and twenty are overruled.

Essex asserts in points twenty-one and twenty-two that the trial court erred in overruling its motion for new trial and motion for judgment n.o.v. as to special issue four regarding Striland's attorney's fees because that issue is immaterial. Further, it argues that the trial court erred in submitting special issue four for the reason that Striland suffered no damages as a result of any breach of contract by Essex. These two points are not argued in any of the grouped briefing points asserted by Essex. Essex has not argued or cited authority in support of these points. Accordingly, points twenty-one and twenty-two are waived. TEX.R.APP.P. 74(f); *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 810 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Golden Villa Nursing Home, Inc. v. Smith*, 674 S.W.2d 343, 351 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Next, in points five, eleven, and seventeen, Essex argues that the trial court erred in submitting to the jury the special issue inquiring whether its lien filing breached its agreement with Striland. The jury answered the issue favorably to Essex. Because of this favorable finding, the jury's affirmative answers to the causation and damage subparts were immaterial; the error, if any, was harmless. Based upon the jury's answers to the remainder of the issues, this alleged error did not result in the rendition of an improper judg-

ment. TEX.R.APP.P. 81(b)(1). Points of error five, eleven, and seventeen are overruled.

■ Special issue seven requested the jury to determine how many days Striland used the crane during the period in question. The jury answered five. In points twenty-three and twenty-four, Essex complains the trial court erred in submitting this issue to the jury because it was entitled to recover rent for the entire period as a matter of law and further asserts that the jury's finding to this issue is so against the great weight and preponderance of the evidence as to be manifestly unjust. We must first examine the evidence supporting the jury's finding, ignoring any evidence to the contrary. If there is no evidence that supports the jury's finding, then and only then may we look to the evidence which supports the cause of action asserted by Essex. If there is any probative evidence supporting the jury's adverse finding, then the point asserted by Essex must fail. *Holley v. Watts,* 629 S.W.2d 694, 696 (Tex. 1982). As previously discussed, the theory advanced by Essex was that, following the primary term of the rental agreement, Striland was liable for the entire monthly rental of $6,500 for every month that the crane remained on the project site if Striland used the crane for even one day of the month. The evidence shows that Striland, at the end of the primary term, gave notice to Essex to remove the crane from the project. As a result, Striland claims it is liable only for a daily rate for its incidental use of the crane on the limited occasions. The testimony reflects that Striland used the crane on at least four occasions but no more than ten. Thus, the jury was faced with conflicting testimony by the parties as to the number of days that Striland used the crane and the interpretation of Paragraph 7(a) of the agreement. The jury, as the trier of fact, was entitled to judge the credibility of the witnesses, assign the weight to be given to their testimony, and resolve any conflicts or inconsistencies in the evidence. *M.J. Sheridan & Son Co. v. Seminole Pipeline Co.,* 731 S.W.2d 620, 623 (Tex.App.—Houston [1st Dist.] 1987, no writ). There is evidence to support the

jury's finding. Point twenty-three is overruled.

■ Further, only verdicts so against the great weight and preponderance of the evidence as to be manifestly unjust warrant reversal. *Horvath v. Baylor University Medical Center,* 704 S.W.2d 866, 870 (Tex.App.—Dallas 1985, no writ). The jury resolved the conflicting testimony adversely to Essex. In the absence of some evidence that the jury finding was actuated by passion, prejudice, or other improper motive, we are compelled to leave the jury finding undisturbed. The record does not reflect any such ill motive on the part of the jury. Point twenty-four is overruled.

Next, Essex contends the trial court erred in failing to award it attorney's fees both for trial and appeal since it prevailed on a part of its claim for Striland's use of the crane. Essex argues, since the jury found it was entitled to rent for a period of five days, it was entitled to recover its attorney's fees either pursuant to the specific terms of the lease agreement or pursuant to § 38.001, *et seq.,* Texas Civil Practice & Remedies Code. Essex contends its position is supported by *McKinley v. Drozd,* 685 S.W.2d 7 (Tex.1985), wherein the Texas Supreme Court held that the proper construction of article 2226 (now § 38.001, *et seq.,* Texas Civil Practice & Remedies Code) is to allow recovery of attorney's fees incurred in prosecuting a just claim under the article, even if the amount of the claim is entirely offset by an opposing party's claim. *McKinley v. Drozd,* 685 S.W.2d at 11. Striland disagrees and contends that Essex is not entitled to any attorney's fees because its rent claim constituted an excessive demand. Striland argues that the jury found that Essex' claim for three months full rent was a breach of the agreement. Thus, Striland reasons that Essex made an excessive demand and, therefore, is not entitled to attorney's fees for subsequent litigation required to recover the debt. Striland contends that in situations such as this, although a debtor is required to make an offer to tender the amount actually due, it is not required to make a formal legal

tender where the creditor has clearly indicated the tender of an amount would be rejected. *See Tuthill v. Southwestern Public Service Co.*, 614 S.W.2d 205 (Tex. Civ.App.—Amarillo 1981, writ ref'd n.r.e.). Striland argues that the record reflects, as a matter of law, the facts necessary to establish the demand by Essex as excessive and contends Essex is not entitled to recover any attorney's fees.

In its live trial pleadings, Striland did not affirmatively assert excessive demand as a defense to the claim for attorney's fees by Essex. *See Tuthill v. Southwestern Public Service Co.*, 614 S.W.2d at 212. Furthermore, Striland failed to request and obtain jury findings of fact on the essential elements of excessive demand. Finally, we do not find in the record, under the circumstances of this case, a sufficient level of unreasonableness or bad faith to warrant finding excessive demand as a matter of law. Striland's contentions are rejected. *See Findlay v. Cave*, 611 S.W.2d 57 (Tex. 1981).

■ Essex is correct in its contention that a net recovery is not required in order to recover attorney's fees under Chapter 38 of the Texas Civil Practice & Remedies Code. It correctly construes *McKinley v. Drozd* to that effect. In order to recover attorney's fees under Chapter 38 of the Texas Civil Practice & Remedies Code, the claimant must be represented by an attorney, present the claim to the opposing party, and have received no payment of the just amount owed before the expiration of the 30th day after the claim is presented. TEX.CIV.PRAC. & REM.CODE ANN. § 38.002 (Vernon 1986). Once it is established that these three requirements have been met, the award of attorney's fees is mandatory. *Arguelles v. Kaplan*, 736 S.W.2d 782, 786 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Caldwell & Hurst v. Myers*, 714 S.W.2d 63, 65 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). While the trial court has discretion in fixing the amount of attorney's fees, it does not have discretion in denying attorney's fees entirely under the Code. *Caldwell & Hurst v. Myers*, 714 S.W.2d at 65. The record reflects that Essex has complied with all three of the aforementioned requirements. Therefore, since Essex requested statutory attorney's fees, fulfilled the requirements under the statutes, and secured a jury finding on its reasonable attorney's fees, we hold that the trial court erred in failing to award Essex its attorney's fees on its counterclaim as found by the jury. We sustain this point of error and award Essex the sum of $10,000 as attorney's fees for the trial and $2,500 for the appeal, for a total award of $12,500 in attorney's fees.

■ In two cross-points, Striland contends that the lien filed by Essex should have been invalidated because Essex failed to timely file notices and that the jury's finding that the filing of the lien by Essex did not constitute a breach of the lease agreement was against the great weight and preponderance of the evidence. Striland's cross-points place it in the role of an appellant. *Chapman Air Conditioning, Inc. v. Franks*, 732 S.W.2d 737, 742 (Tex. App.—Dallas 1987, no writ). As an appellant, Striland must have timely filed a cost bond pursuant to Rule 41(a), Texas Rules of Appellate Procedure. The record reflects Striland has not filed a cost bond and, therefore, is not entitled to consideration of its cross-points in this appeal. *Chapman Air Conditioning v. Franks*, 732 S.W.2d at 743; *see also Young v. Kilroy Oil Co.*, 673 S.W.2d 236, 241–42 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

The trial court's judgment is modified to the extent that Essex is entitled to recover its attorney's fees in the aggregate amount of $12,500, and, as modified, the judgment of the trial court is affirmed.